LECHE, J.
Plaintiff sues upon an indemnity bond issued in its favor by the defendant, as a guarantee against any pecuniary loss it might sustain by reason of the fraud or dishonesty of R. J. Robichaux, its employee and cashier. It sets forth in its petition that Robichaux has stolen and embezzled funds intrusted by it to his custody, amounting to $6,265.09 for which sum it prays for judgment.
Defendant resists this demand on various grounds, the principal one being that plaintiff has failed to comply with and has violated the conditions of. the contract in this, that it is stipulated in said bond that on'discovery of any act capable of giving rise to a claim thereunder, the (plaintiff) employer shall at the earliest practical moment give notice thereof to the (defendant) company, in writing, at its head office in the city of Baltimore and that said bond will become void as to any claim for which the (defendant) company would otherwise be liable, if the (plaintiff) employer shall fail to notify the (defendant) company of the occurrence of the act or omission out of which said claim shall arise, immediately after • it shall come to the knowledge of the (plaintiff) employer; that the acts of Robichaux giving rise to plaintiff’s demand, if committed, were committed and were discovered and known by plaintiff, its officers, and directors, long before notifying respondent and before making the present claim against it, and in some instances long before the commission of other acts of said Robichaux complained of as the basis for the claim made in this suit; that by reason of the. failure of plaintiff to immediately notify respondent, after the commission of said acts came to its knowledge, said bond under its terms and conditions became void and of no effect.
The issue thus raised by the pleadings is mainly one of fact.
The plaintiff bank was doing business and was domiciled at Gueydan, in the parish of Vermilion, and this suit was filed in (he *837 Civil District Court in New Orleans, November 22, 1915. Evidence was taken in Decentber, 1916, and in January, 1917, the case was finally tried in July, 1919, and judgment rendered in favor of plaintiff in January, 1920. The present appeal was lodged in this court in March, 1920.
After’ the case had been disposed of by the trial court and the appeal filed here, plaintiff, it seems, brought suit in the parish of Vermilion against one A. A. Lejeune upon a promissory note. The defense of Lejeune to that, suit was based upon fraud practiced to the knowledge of plaintiff and its officers, by Robichaux, the same employee and cashier whose acts form the basis of the demand in this case. The suit against Lejeune was tried April 21, 1921, and the testimony of the witnesses, among whom were officers and directors in plaintiff banking .institution, who also testified in the present case, was taken down in writing. Defendant and appellant in this appeal, having alleged these facts in a motion to remand, also annexes to its motion a certified copy of the testimony taken in the suit of plaintiff against Lejeune, and prays that this case be remanded to the civil district court for the parish of Orleans, in order that it may avail itself of that testimony.
It thus appears that the evidence which defendant and appellant wishes to submit in the present case could only have become known to it after the present suit had been tried and after the appeal had been filed in this court, and therefore that its nonproduction was not due to want of diligence on the part of defendant.
Plaintiff resists the motion to remand on the ground that the evidence sought to be produced by defendant is neither material to the issue nor admissible under the pleadings, and that a motion to remand should not be acceded to under these circumstances, and cites authorities to that effect.
.The issue of fact as to the time Robichaux first committed fraud, and as to the' time such fraud first came to the knowledge of plaintiff, its officers, and directors, is tendered in the present case as fully as it was in the Lejeune Case. It is true that the claim against Lejeune is not included in the shortage of Robichaux, for which claim is made in the present suit, but the fraud charged to have been committed by Robichaux in the Lejeune Case is alleged to-have been made known to plaintiff on February 16, 1915, almost three months before defendant was notified of the misconduct of Robichaux, while defendant’s contract of suretyship, which was then in existence, having been entered into July 3, 1913, contains the stipulation that “on the discovery of any act capable of giving rise to a claim hereunder, the (plaintiff) employer shall, at the earliest practical moment, give notice thereof to the (defendant) company, etc.
[1,2] We therefore believe that the evidence of which defendant seeks to avail itself is pertinent and material to the issue in the present case and is therefore admissible. The effect, however, of that evidence in adjudicating the merits of this case, is left,entirely open for future determination.
The equitable rule of practice that, where important and material evidence, which may be determinative of a closely contested issue of fact in a case on appeal, could not possibly have been discovered until after the trial court had lost jurisdiction by reason- of the appeal, is good ground to remand the case in order to permit the appellant to avail himself of that evidence, is well recognized in this state, and is eminently applicable in the present instance.
For these reasons the judgment appealed from is avoided and reversed and this case is remanded to the civil district court for the parish of Orleans, for the introduction of such additional and competent evidence as *840 the litigants may see fit to offer, and to be tried according to law and the views herein expressed, appellee to pay costs of appeal, and liability for all other costs to be passed upon when the case is finally decided.
Rehearing refused by Division A, composed of O’NIELL, O. J., and ROGERS and BRUNOT, JJ.