No. 3233

Second Circuit

KERR v. PIMA PETROLEUM CO., INC.

(June 28, 1928. Opinion and Decree.)
(July 14, 1928. Rehearing Refused.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 429, 435, 437, 572, 729.**

Appellate courts can only decide cases on the record as made up in the trial court, and will not remand a case to the trial court that new issues may be raised and evidence introduced thereon.

Code of Practice, Article 895.

Appeal from the Eighth Judicial District Court, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by D. W. Kerr against Pima Petroleum Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Henagan and Gaharan, of Jena, attorneys for plaintiff, appellee.

Thornton, Gist and Richey, of Alexandria, attorneys for defendant, appellant.

STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, D. W. Kerr, sues defendant, Pima Petroleum Company, Inc., for $336.00 with legal interest thereon from judicial demand.

He alleges that he leased to defendant, on October 15, 1926, at $1.50 per day, the use of a pair of horses, a wagon and a set of harness, and delivered possession of them to defendant and that defendant used them up until November 9, 1926. He further alleges that defendant has not returned to him his property and refuses to pay him the lease price.

The defence is that if any one assuming to act for defendant leased plaintiff's property he was without authority to do so and defendant is not responsible to plaintiff for his acts, and, in the alternative, that if any one assuming to act for defendant did lease plaintiff's property defendant is not responsible for the value of the horses for the reason that they were in a wire enclosure which was fastened in the usual manner and all the usual and customary precautions were taken by the persons in charge of the animals to prevent them from being stolen or straying away and that the horses disappeared from the enclosure without fault on defendant's part.

On these issues the case was tried and there was judgment in favor of the plaintiff against defendant for the sum of $102.50 with legal interest thereon from the date of the judgment, and defendant appealed. Plaintiff did not appeal nor has he answered the appeal.

Defendant has filed in this court a motion that the case be remanded to the District Court to enable it to prove that since the trial it had duly tendered defendant his wagon and he had refused to receive it. This in the event the court should be of opinion that some one authorized to bind it had leased plaintiff's property from him.

## OPINION

We find in the record a written opinion by the District Judge from which we learn that he was of the opinion that defendant was not responsible for the disappearance of the horses and rejected plaintiff's demand against it for their value; that the person who leased plaintiff's property from him had authority to bind defendant in the premises and that the wagon was worth $40.00 and the harness from $20.00 to $25.00; and that defendant had had the use of plaintiff's horses for twenty-five days for which it owed him $1.50 a day or $37.50.

Plaintiff not having appealed from the judgment nor answered defendant's appeal the judgment cannot be altered in his favor.

The evidence clearly establishes that one Wayne Y. Muse was "production foreman" on defendant's leased land and that he hired the horses, wagon and harness from plaintiff at the price of $1.50 a day and that he kept them on defendant's leased land and used them in defendant's business from October 15, 1926, to November 9, 1926, or twenty-five days, during which time the horses were fed, watered and otherwise cared for by defendant's employees.

The only evidence in the record as to the value of the harness and wagon is the testimony of plaintiff himself who said:

"Q. What is the value of it (the wagon)? ·

"A. I don't know.

"Q. At that time?

"A. I guess it was worth $35.00 or $40.00.

"Q. What was the harness worth?

"A. I guess about $20.00."

Under plaintiff's own testimony we think he is only entitled to recover the minimum value which he puts upon his property, and that he is entitled to only $35.00 for the wagon and $20.00 for the harness, or $55.00 for both. To which must be added $37.50, rent for the use of the horses, wagon and harness for twenty-five days at $1.50 a day. Accordingly the amount al-

lowed plaintiff in the court below must be reduced to $92.50.

In the motion filed in this court defendant alleges that since the trial in the District Court it tendered plaintiff his wagon and that he refused to receive it, and defendant asks that in event the court should be of opinion that the person who assumed to lease plaintiff's property for it had authority to do so, that the case be remanded to the court below to enable it to prove the tender and refusal.

The evidence shows that when plaintiff brought his suit defendant was in possession of the wagon. Instead of tendering it to plaintiff and alleging and proving the fact it elected to deny that it had leased plaintiff's property from him. Thereafter it was too late for defendant to change the issues.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount awarded plaintiff from $102.50 to $92.50, and that as thus amended it is affirmed. Defendant to pay the costs in the lower court. Plaintiff to pay the costs of this court.