UNITED MOTOR CAR CO., INC., v. FININ

——

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)

———

Clarence F. Favret, of New Orleans, attorney for plaintiff, appellant.

Paul W. Maloney, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff entered suit against the defendant for the sum of $150 on six chattel mortgage notes and one unsecured note. The petition alleges that the plaintiff was the holder and owner for value before maturity of six promissory notes, each for the sum of $25, dated June 27, 1927, bearing 8 per cent interest and 20 per cent attorney's fees for collection, and paraphed to identify them with an act of sale and chattel mortgage before H. L. Hammett, notary public, on June 27, 1927, subject to a credit of $10; that these notes formed part of a series of 10 notes, representing the balance of the purchase price of a Dodge coupe automobile, which was sold by plaintiff to defendant on said date; that, by the terms of the chattel mortgage, failure to pay any one note when it became due matured the remaining notes; that plaintiff was also the holder and owner for value before maturity of an unsecured note of defendant, dated January 17, 1924, and payable July 17, 1924, for the sum of $25, bearing 8 per cent interest and stipulating 10 per cent attorney's fees for collection, which note is subject to a credit of $15 against the principal, and that the interest on this note has been paid up to September 30, 1924, making the total amount due on the notes $150.

Defendant denied liability, and pleaded that some time during the month of November, 1927, that she returned the said Dodge coupe to plaintiff for repairs, and it was subsequently agreed that, in consideration of the return of the car, the balance of the notes would be considered liquidated and the defendant released therefrom.

There was judgment in favor of defendant, dismissing plaintiff's suit, and plaintiff has appealed.

Plaintiff offered the respective notes in evidence, together with the chattel mortgage, after properly identifying defendant's signature thereto. The defendant testified that the automobile was sold to her by plaintiff on June 22, 1927, for the sum of $275, and that she paid all of the notes representing the balance of the purchase price, except the notes sued on; that on November 17, 1927, there was a collision between a street car of the New Orleans Public Service and her Dodge coupe on Canal street, and that the automobile was placed in plaintiff's possession for the purpose of being repaired.

On December 17, 1927, plaintiff gave defendant a written itemized estimate of $82 for repairing the car. On May 15, 1928, it appears that the defendant gave plaintiff's agent, Geo. W. Ray, a written authorization to sell the Dodge coupe and credit her account with whatever amount was received from the sale. On May 23, 1928, the plaintiff sold defendant's car for the sum of $10, which represents the credit allowed her, as alleged in the petition.

The sole question before the court is one of fact; i. e., whether or not the car was returned to plaintiff under an oral agreement whereby defendant's indebtedness was to be considered canceled in consideration of the return of the car.

The sole witnesses who testified in the case were Mr. J. B. Bahn, treasurer of the plaintiff company, and the defendant. Mr. Bahn testified only from the records of the company, as he did not handle the matter in question. Mr. Geo. W. Ray, secretary and salesman of the plaintiff company, handled the transaction. It appears that Mr. Ray was still in the employ of the plaintiff, but he was not produced as a witness, although he was available.

The judge a quo, who heard and saw the witnesses, believed the testimony of the defendant. Mr. Ray, the representative of the company who dealt with defendant, was not produced as a witness, although he was still in plaintiff's employ and was available, and the presumption, therefore, follows that, if he had been placed on the stand, his testimony would have been against plaintiff and corroborated that of the defendant. A careful reading of the record does not convince us that the judgment of the lower court is erroneous.

For the reasons assigned, the judgment appealed from is affirmed.