## No. 13,915

## Orleans

## PATERNO v. KENNEDY THE CLEANER, INC.

(December 14, 1931. Opinion and Decree.)
(January 11, 1932. Rehearing Refused.)

Augusto P. Miceli and Dufour, St. Paul & Levy, of New Orleans, attorneys for plaintiff, appellee.

Prowell, McBride & Ray and Welton P. Mouton, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues for the alleged value of three suits of clothes which were delivered to defendant, a corporation engaged in the clothes cleaning and pressing business in New Orleans, and which suits defendant admits having received and having failed to return to plaintiff.

Defendant seeks to avoid responsibility for the value of the articles, and alleges that, during the night, while the cleaning establishment was securely closed and locked, it was broken into by some unknown person or persons, who stole the suits in question, together with many other articles of clothing.

The parties agree that the suits were received by defendant, as bailee, for the mutual benefit of both parties, and that, under such circumstances, liability may be avoided by a showing by the bailee that he has used ordinary diligence and care in preserving and protecting the goods, and that he has taken the precautions which an ordinarily prudent person would take to protect his own property. That such is the obligation of a bailee for the mutual benefit of both parties is well established. New Orleans Soda Water Co. v. Leonard, 9 Orl. App. 220; Crescent Forwarding & Trans. Co. v. New Orleans Box Mfg. Co., 6 Orl. App. 412; Hartford Fire Ins. Co. v. Doll, 5 La. App. 226; Scott v. Sample, 148 La. Ann. 627, 87 So. 478.

Counsel for plaintiff admits that the evidence shows that the cleaning establishment was broken into, as alleged, and that all due care had been exercised by defendant in properly securing and locking the premises, but they contend that the three suits in question were not lost as a result of that robbery, but had been lost prior thereto, and, in fact, had never entered the establishment, having been stolen from an autotruck operated by one of defendant's employees before the truck reached the headquarters of defendant.

Counsel contend that the said truck had been left by its driver unguarded, contrary to custom and in violation of orders and

of the dictates of prudence, and that thus defendant is liable because of the negligence of its employee committed while acting within the scope of his employment.

Authorities are hardly necessary to show that a bailee is liable for loss caused by the negligence of his servants while acting within the scope of their respective employments, for, under articles 176, 2317, and 2320 of the Civil Code of Louisiana, we are made responsible for the acts of our servants and others acting as our agents or employees, and if, then, a bailee is responsible for his own negligence, he is likewise responsible for the negligence of those employed by him to carry out the purposes for which the bailment was undertaken.

For proof of the fact that the suits were stolen from the truck before it reached the defendant's place of business, plaintiff relies on certain statements admittedly made by the truck driver to Miss Bankston and Mrs. Turner, who lived in the premises in which plaintiff resided, which statements were to the effect that the suits had been so stolen and that the said driver was anxious to prevent his employer from finding out about the loss.

Defendant's counsel seek to explain the fact that the truck driver made such a statement by contending that the said driver had been instructed by his employers to make no mention of the robbery at the cleaning establishment for fear that too much publicity given to the said robbery might render the apprehension of the culprits and the recovery of the stolen articles more difficult.

Such instructions may have been given the driver, and it may be that the story about the robbery from the truck was a pure fabrication on his part, but, in spite of the fact that that driver, at the time of the trial below, was still in the employ of defendant, and was available, he was not called as a witness. Since the entire case is based on statements admittedly made by that driver, and since he could have been produced as a witness had defendant deemed his presence beneficial to the defense, the failure to produce him to explain his fabrication weighs heavily against defendant. Rubenstein v. Files, 146 La. 727, 84 So. 33; Townsend v. Mo. Pac. R. Co., 3 La. App. 598; Perkins v. Long Bell Lumber Co., 8 La. App. 403; Tourmillion v. New Orleans Public Ser. Co., 3 La. App. 297; Geddes & Moss Und. & Emb. Co. v. Simkins, 4 La. App. 125; Succession of Krantz, No. 7210 Orl. App. Opinion Book 54, see Louisiana and Southern Digest; Steinhardt v. Hibernia Bank & Trust Co., No. 9071, Orl. App. Opinion Book 63, see Louisiana and Southern Digest; United Motor Car Co. v. Finin, 12 La. App. 160, 125 So. 158; Rossi v. Cust, 17 La. App. 349, 136 So. 103.

It is true that the robbery of the truck during the afternoon of the day on the night of which the premises were also robbed is a most surprising coincidence, but it is not at all impossible, and, in the absence of testimony by the driver, we must conclude, as did the trial judge, that the defendant, on whom rested the burden of freeing itself from the presumption of negligence, has not been successful in its efforts to sustain that burden. Here, again we must repeat that the doctrine is well established that findings of the trial court on questions of fact will not be disturbed, unless manifestly erroneous.

### ON MOTION TO REMAND

In a motion filed on the day this matter was argued before us, defendant asks that we remand the case for the submission of newly discovered evidence corroborative of the allegations in the answer to the effect that the premises of defendant were robbed on the night referred to. It

652

appears from an affidavit attached to the motion to remand that, unquestionably, one of the persons implicated in that robbery has been apprehended, and that thus the fact of that robbery has been even more certainly established.

If there were any doubt that that robbery had been committed, and if the issue tendered depended upon proof of that fact, we would comply with the request and remand the matter for such new evidence as may be now available, as there can be no doubt of our right to do so, for in Keller v. Keller, 4 Orl. App. 309, we said:

"A case will be remanded on the ground of newly discovered evidence filed in the appellate Court, when it shall appear that the circumstances of the application are extraordinary and exceptional and the ends of justice require remanding." See, also, Succession of Emonot, 109 La. 360, 33 So. 368; People's State Bank v. U. S. Fidelity & Guaranty Co., 154 La. 835, 98 So. 263; Schneider v. Etna Life Ins. Co., 30 La. Ann. 1198.

It is conceded, however, that such robbery actually occurred, and it would serve no useful purpose to reopen the case for the administering of further proof of a fact not only admitted to be true, but having no bearing on the issue involved.

ON THE QUANTUM

Defendant contends that the suits were not worth the amount allowed by his honor below, to-wit, $245. Plaintiff testified that he is in the Italian consular service, that the suits were new, had been ordered made in Italy for a special purpose, and that this was the first time that they had been cleaned. There is no evidence to overcome the testimony of plaintiff that to replace the suits would have cost more than the amount of the judgment. We find, then, nothing to justify a reduction in the award.

The judgment appealed from is affirmed.

No. 13,959

Orleans

