WALKER v. NATIONAL LIFE & ACCIDENT INS. CO. OF NASHVILLE, TENN.

No. 5747.

Court of Appeal of Louisiana. Second Circuit.

Nov. 4, 1938.

Wilkinson, Lewis & Wilkinson and E. S. Klein, all of Shreveport, for appellant.

Simon Herold, of Shreveport, for appellee.

HAMITER, Judge.

An industrial insurance policy was issued by defendant on the life of one Cozetta Akins under date of November 23, 1936. Its principal amount was $246, and the beneficiary named therein was Janie Walker, a sister of the insured.

On December 13, 1936, or less than one month after the policy's issuance, Cozetta Akins died. Thereafter the beneficiary furnished to the insurer the required proof of death, but she was refused payment of the proceeds of the policy. Thereupon she brought this suit seeking recovery under the contract's terms and provisions.

Defendant resists her demands on the grounds, as disclosed by its counsel's brief, that:

"* * * first, the application for this insurance was not signed by the alleged insured, Cozetta Akins, but rather that the applicant was her sister, Geraldine Jones, a resident of Timpson, Texas, who falsely and fraudulently gave her name as Cozetta Akins in signing the application for the insurance policy involved here, and in obtaining same, and, secondly, in the alternative, that the applicant stated her occupation as a student, when, as a matter of fact, she was a divorced negro woman with a ten-year old daughter, Helen Akins, who survived her."

At the commencement of the trial of the merits a tender was made in open court to plaintiff of the sum of $16, representing court costs to that date of $14.90, together with the premiums paid. On the tender being refused, the district judge ordered the fund deposited in the registry of the court. The case was then tried, and ultimately there was judgment in plaintiff's favor for the amount of the policy.

Plaintiff was represented in the filing of the suit and at the trial thereof by an attorney who is now deceased. After his death but prior to the rendition of judgment her present counsel became enrolled in the case.

A motion for a new trial was filed by defendant and was overruled. Following that ruling it requested and was granted orders of suspensive and devolutive appeal returnable to this court.

A written motion has been tendered here wherein defendant moves that the cause be remanded "to enable it to introduce positive proof that the purported Cozetta

Akins was not the person who applied for and obtained the policy of insurance involved herein".

The primary question in the litigation is one of fact, viz., Was fraud perpetrated on defendant in the obtaining of the insurance contract?

An agent of defendant testifies, in substance and in so far as is here pertinent, that while he was walking along Fannin street in the city of Shreveport, this being a part of his route, a woman sitting on a porch at municipal number 1117 of that street, asked if he was an insurance man. He stopped and replied that he represented the National Life & Accident Insurance Company. Thereupon, Janie Walker, who was the mentioned woman and is the beneficiary under the policy in controversy, stated that she wanted to insure her sister, Cozetta Akins, another woman standing beside her. The prospective insured was questioned about her age, occupation and health. Her reply was that she was 21 years old, was a student in school, and that "she never had been sick in her life". He remarked at the time that she appeared to be quite younger than twenty-one. An application for the issuance of the policy, which contained the given information regarding her age, occupation and health, was then signed by her. Each weekly premium of 15 cents was thereafter paid by the beneficiary, Janie Walker.

The agent further testifies that after the death of Cozetta Akins he made an investigation of the matter, and that while in Texas in connection therewith he located a girl named Geraldine Jones whom he positively identified as the person who signed the application as Cozetta Akins. This identification was effected through and by means of a scar which she bore on her forehead.

It is the testimony of Gertrude Jackson, who lived at the above mentioned municipal address, that Janie Walker roomed at her home, but that she did not see Cozetta Akins there during the month of November, 1936. She further states, however, that she "works out" considerably and that the named person could have been there without her knowledge.

Janie Walker, plaintiff herein, says that Cozetta Akins was present on the porch when the application was signed and that the agent stopped there without being called; that a similar policy was taken out the same day with another company whose name she has forgotten; that Geraldine Jones, who is her half-sister, has a scar on her forehead, is seventeen or eighteen years of age and lives in Timpson, Texas; and that Cozetta Akins was spending three or four days with her at the time of the execution of the application, was not a student at school, and a young daughter survived her.

Other witnesses in the case who appeared in plaintiff's behalf state that Cozetta Akins was in Shreveport in November, 1936, that she had been working for several years, and that she was survived by a child.

Geraldine Jones, the half-sister of plaintiff and the person who defendant alleges and the agent testifies was the signer of the application, did not appear as a witness in the case, and the record is barren of any explanation regarding her nonappearance.

In the above mentioned motion to remand, it is alleged, in substance, that the original records in two suits on the docket of the First District Court of Caddo Parish, Louisiana, in which Cozetta Akins was a party litigant, were not available for use in the trial of this case; that her true and correct signature is contained in the petitions therein and it is entirely different and dissimilar to the signature of the purported Cozetta Akins on the application for the policy of insurance involved herein; and that on a new trial of this cause such records will be introduced in evidence and will conclusively prove that the purported Cozetta Akins was not the person who applied for said insurance.

In view of the information contained in the motion just discussed, of the discrepancy existing between the oral evidence and the signed application regarding the insured's occupation, of the unexplained failure of the beneficiary's half-sister to testify at the trial, and of the various conflicts which the transcript of testimony furnishes, we find ourselves unable to reach a definite and satisfactory conclusion herein; and because of this situation, and in the interest of justice, we have decided to remand the cause to the district court for the purpose of receiving additional evidence pertinent to the issues involved. This action is taken pursuant to provisions of Code of Practice article 906, which are:

"But if the court shall think it not possible to pronounce definitely on the cause, in the state in which it is, either because

the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

Cases in the Louisiana jurisprudence wherein the quoted provisions were invoked and which support our action in this cause are numerous. Among these are: Willis et al. v. Berry, 104 La. 114, 28 So. 888; Rhodes v. Cooper, 113 La. 600, 37 So. 527; Klopstock & Co. v. United Fruit Co., 171 La. 296, 131 So. 25.

Accordingly, it is ordered that the judgment appealed from be reversed and set aside and the case is remanded to the district court for the purpose of receiving any and all further admissible evidence, the same to be supplementary to the proof already in the record. It is further ordered that after such reception the trial court shall render a decision based upon all of the evidence taken in the cause, and the party cast shall have a right to an appeal if one is desired. The costs of this appeal shall be paid by appellee, while all other costs shall abide the final determination of the cause.