A rehearing was granted in this case for the restricted purpose of determining whether or not the pleadings were enlarged by the admission without objection of testimony establishing the facts that estopped the defendant Campbell from denying he was a party to the sale and responsible to the purchaser as warrantor although in fact he was not owner and had no interest in the mules sold to plaintiff.
The facts of the case are fully set forth in the original opinion and we will not repeat them in detail here. The action was redhibitory in character. The petition sets forth first that plaintiff purchased two mules from a commercial partnership composed of A. B. Campbell and A. J. Brown. In the alternative, in the event the Court should find that there was no partnership existing between the two defendants, that A. B. Campbell was the sole owner of the business and that plaintiff purchased the mules from A. B. Campbell and that Brown delivered the mules and made the agreement regarding same as an agent of Campbell. Brown, an itinerant horse and mule dealer, could not be found and no service was ever made on him. *Page 83 
This Court in its original opinion found the testimony conclusive that there was no partnership existing at any time between A. B. Campbell and A. J. Brown and that at no time did Campbell own or have any proprietary interest in the mules sold to plaintiff.
The testimony, which this Court found in its original opinion established the liability of Campbell, consisted of verbal commitments and statements made by Campbell in the routine negotiations leading up to the selection and sale of the mules, which confirmed in plaintiff the belief that the mules did belong to Campbell and which made Campbell, though neither the partner of Brown nor the owner of the mules, responsible as guarantor to the purchaser, who may have acted on the strength of these statements and commitments.
The principle of law has been well established in Louisiana that evidence relevant to issues that are pleaded does not have the effect of enlarging the pleadings to the extent of injecting new issues or injecting a cause of action not pleaded. Nezat v. General Outdoor Advertising Co., La. App.,24 So.2d 482. Tensas Delta Land Co., Ltd. v. Ferguson, Assessor, et al., 128 La. 171, 54 So. 708; Hope v. Madison, 192 La. 593,188 So. 711.
The testimony in the record relative to what Mr. Campbell said and did in connection with the sale of the mules was relevant to the issue as to whether or not his conduct and statements were such as to establish existence of a partnership between himself and Brown or to establish the relationship of principal and agent between himself and Brown, both of which issues were pleaded. The plaintiff unquestionably had the right to introduce proof of what Mr. Campbell told the plaintiff's agent in order that the Court might determine from all of the facts and circumstances whether Campbell's conduct was such as to constitute Brown as agent or to establish the existence of the partnership being admissible for the purpose of establishing the facts that were pleaded. The fact that the Court did not find that either the existence of a partnership or the relationship of principal and agent was established does not make the conversation and actions of Mr. Campbell in connection with the sale any the less relevant to those pleaded issues. This evidence being relevant to the pleaded issues and admissible under the pleadings, did not have the effect of enlarging the pleadings to make the defendant Campbell liable as warrantor.
Plaintiff in brief has requested that in the event this Court should determine that the pleadings were not enlarged, that instead of reversing the judgment of the District Court rejecting plaintiff's demands, we should remand the case to the District Court. In support of this contention, counsel cited a recent Supreme Court case, Succession of Addison, 212 La. 846,33 So.2d 658. The principle is well recognized in Louisiana law that appellate courts have the right to exercise the authority granted them by Article 906 of the Code of Practice and to remand cases to the trial court for additional proceedings. However, this proceeding from its very nature is one which must be sparingly exercised.
The language of the article declares that the cases should be remanded only "if the court shall think it not possible to pronounce definitely on the cause, in the state in which it is." In the case before us, there is sufficient testimony to pass upon the issues raised. Under all the circumstances of this case, we conclude that it is not a proper one for remanding under Article 906 of the Code of Practice and the relevant Louisiana cases. Meyer v. Pritchett, 8 Orleans App. 51; Cullota v. Washington, 7 La. App. 75; Kerr v. Pima Petroleum Co., Inc., 8 La. App. 759; Paterno v. Kennedy the Cleaner, Inc., 18 La. App. 649, 138 So. 531.
We realize that there is equity in plaintiff's contention that the case be remanded in order that it may amend its pleadings and establish a cause of action against defendant based on estoppel. However, the fact that such issue was not tendered in the original pleadings and the testimony adduced at the original trial, is due to the fact that plaintiff's counsel did not see fit to include same in the suit. Some six months after the filing of the suit, the defendant, A. B. Campbell, passed away, and his wife, as executor of his estate, is now the party *Page 84 
defendant. Had the original suit tendered the issue of Campbell's estoppel, Campbell would have been able to give guidance to his attorneys in the preparation of the defense. Needless to say, his executors would be handicapped in a defense for the case if it were now remanded for the filing of new pleadings and a determination of the new issues.
Having found in our original opinion that the plaintiff failed to make out its case on either the principal or alternative demand, and having determined on rehearing that the pleadings were not enlarged, it follows that the judgment of the District Court in favor of plaintiff was in error.
The judgment appealed from is reversed and judgment is now rendered dismissing plaintiff's suit at its costs.