41 So.2d 781

**BAYOU RAPIDES LUMBER CO. v. CAMPBELL.**

No. 39071.

May 31, 1949.

K. Hundley, Alexandria, for applicant.

Peterman, Gravel & Downs, Alexandria, for respondent.

MOISE, Justice.

We granted a writ of certiorari and this litigation is now before us for review.

There was judgment in the district court in favor of plaintiff. The Court of Appeal, Second Circuit, 41 So.2d 78, 83, affirmed that judgment. A rehearing was granted and on this rehearing the appellate court reversed itself and dismissed plaintiff's demands.

The action is redhibitory. The petition sets out that there was a commercial partnership composed of A. B. Campbell and A. J. Brown; that on April 13, 1946, the plaintiff bought a paid of mules for $300 from the alleged partnership; that a written guarantee was furnished and signed by Brown; that when the mules were used at hauling logs, one of them was sulky and thus made the pair unfit for the use for which plaintiff bought them; that, therefore, the sale should be rescinded and the purchase price returned to petitioner; and that the petitioner tendered the mules to Campbell but he refused to accept them. The prayer is for judgment in the sum of $300 against Campbell and Brown, jointly, severally and in solido, with interest, etc. The alternative prayer is that if no partnership is shown and Campbell is found to be the sole owner of the business, that judgment be rendered against him. (It developed that just after the sale of the mules, Brown left the vicinity and his whereabouts were unknown and for that reason no process of court could be served upon him.)

Campbell, in answering, denied all of the allegations of the petition with the exception of admitting the tender of the mules and his refusal to receive them. He averred that he did not own nor did he sell them to the plaintiff. He stated that he was at all times the sole owner of the business. After the joinder of issue, Campbell died and his wife, the executrix of his estate, was made a party defendant.

The Court of Appeal in its original opinion, as set forth on rehearing " * * * found the testimony conclusive that there was no partnership existing at any time between A. B. Campbell and A. J. Brown and that at no time did Campbell own or have any proprietory interest in the mules sold to plaintiff".

Our study of the record convinces us that the opinion of the Court of Appeal (On Rehearing) correctly reflects both the facts and the law of the case and we now adopt, as our own, its reasons on the subject matter:

"The testimony, which this Court found in its original opinion established the liability of Campbell, consisted of verbal commitments and statements made by Campbell in the routine negotiations leading up to the selection and sale of the mules, which confirmed in plaintiff the belief that the mules did not belong to Cambell and which made Campbell though neither the partner of Brown nor the owner of the mules, responsible as guarantor to the purchaser, who may have acted on the strength of these statements and commitments.

■ "The principle of law has been well established in Louisiana that evidence relevant to issues that are pleaded does not have the effect of enlarging the pleadings to the extent of injecting new issues or injecting a cause of action not pleaded. Nezat v. General Outdoor Advertising Co., La.App., 24 So.2d 482. Tensas Delta Land Co., Ltd. v. Ferguson, Assessor, et al., 128 La. 171, 54 So. 708; Hope v. Madison, 192 La. 593, 188 So. 711.

■ "The testimony in the record relative to what Mr. Campbell said and did in connection with the sale of the mules was relevant to the issue as to whether or not his conduct and statements were such as to establish existence of a partnership between himself and Brown or to establish the relationship of principal and agent between himself and Brown, both of which issues were pleaded. The plaintiff unquestionably had the right to introduce proof of what Mr. Campbell told the plaintiff's agent in order that the Court might determine from all of the facts and circumstances whether Campbell's conduct was such as to constitute Brown as agent or to establish the existence of the partnership being admissible for the purpose of establishing the facts that were pleaded. The fact that the court did not find that either the existence of a partnership or the relationship of principal and agent was established does not make the conversation and actions of Mr. Campbell in connection with the sale any the less relevant to those pleaded issues. This evidence being relevant to the pleaded issues and admissible under the pleadings, did not have the effect of enlarging the pleadings to make the defendant Campbell liable as warrantor.

■ "Plaintiff in brief has requested that in the event this Court should determine that the pleadings were not enlarged, that instead of reversing the judgment of the District Court rejecting plaintiff's demands, we should remand the case to the District Court. In support of this contention, counsel cited a recent Supreme Court case, Succession of Addison, 212 La. 846, 33 So. 2d 658. The principle is well recognized in Louisiana law that appellate courts have the right to exercise the authority granted them by Article 906 of the Code of Practice and to remand cases to the trial court for additional proceedings. However, this proceeding from its very nature is one which must be sparingly exercised.

■ "The language of the article declares that the cases should be remanded only 'if the court shall think it not possible to pronounce definitely on the cause, in the state in which it is.' In the case before us, there is sufficient testimony to pass upon the issues raised. Under all the circumstances of this case, we conclude that is not a proper one for remanding under Article 906 of the Code of Practice and the relevant Louisiana cases. Meyer v. Pritchett, 8 Orleans App. 51. Cullota v. Washington, 7 La.App. 75. Kerr v. Pima

Petroleum Co., Inc., 8 La.App. 759. Paterno v. Kennedy The Cleaner, Inc., 18 La. App. 649, 138 So. 531.

"We realize that there is equity in plaintiff's contention that the case be remanded in order that it may amend its pleadings and establish a cause of action against defendant based on estoppel. However, the fact that such issue was not tendered in the original pleadings and the testimony adduced at the original trial, is due to the fact that plaintiff's counsel did not see fit to include same in the suit. Some six months after the filing of the suit, the defendant, A. B. Campbell, passed away, and his wife, as executor (executrix) of his estate, is now the party defendant. Had the original suit tendered the issue of Campbell's estoppel, Campbell would have been able to give guidance to his attorneys in the preparation of the defense. Needless to say, his executors (executrix) would be handicapped in a defense for the case if it were now remanded for the filing of new pleadings and a determination of the new issues. (Parenthesis mine.)

"Having found in our original opinion that the plaintiff failed to make out its case on either the principal or alternative demand, and having determined on rehearing that the pleadings were not enlarged, it follows that the judgment of the District Court in favor of plaintiff was in error.

"The judgment appealed from is reversed and judgment is now rendered dismissing plaintiff's suit at its costs."

For these reasons, the judgment of the Court of Appeal is affirmed; plaintiff to pay all costs.

O'NIELL, C. J., takes no part.