On Rehearing
AYRES, Judge.
Plaintiff seeks to recover damages allegedly sustained through the accidental death of her husband. A statement of the issues and a narration of the facts are contained in our original opinion. For the present, no further amplification is necessary.
A rehearing was granted primarily to afford a reconsideration of the sufficiency of the evidence as pertains to the quantum of damages, which was noted in *288 our original opinion as “* * * so sketchy as to be almost non-existent * * Our further study of the record has only served to convince us of the insufficiency of the evidence to support either the judgment appealed or our original decree. In the state in which we find the record, due to the failure of the parties to adduce the necessary testimony, we do not find it possible to pronounce definitely on this cause.
Plaintiff, however, should not be deprived of the opportunity to produce further relevant evidence in support of the facts necessary and prerequisite to her right to recover, particularly where it appears she may be able and desires to do so. Under such circumstances, the defendant, of course, is likewise entitled to produce any additional evidence in support of its defense.
Code of Practice Art. 906 confers upon an appellate court large discretion in remanding a case, where, from the record, the court is unable to pronounce definitely on the cause, or where apparently available testimony has not been produced which might be material in a proper decision of the case. The tendency is to exercise this discretion particularly where it appears that either party, or both, may be able to offer additional material evidence, and where the ends of justice would be best served. This discretion may be exercised regardless of the cause of the omission of the evidence on the first trial. Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Dietz v. Dietz, 227 La. 801, 80 So.2d 414; Walker v. National Life & Accident Ins. Co. of Nashville, Tenn., La.App., 184 So. 603; Young v. Thompson, La.App., 189 So. 487; City of New Orleans v. Grosch, La.App., 49 So.2d 435. However, this procedure, from its very nature, must be exercised sparingly and with due caution. Bayou Rapides Lumber Co. v. Campbell, 215 La. 849, 41 So.2d 781. It is our opinion the interests of justice would be best served in the present case by remanding it so that all parties may have the opportunity to introduce additional evidence in support of their contentions.
Our original.decree having been set aside by the granting of the rehearing, it is now ordered that the judgment appealed be and it is hereby annulled, avoided and set aside, and it is further ordered, adjudged and decreed that this cause be remanded to The Honorable, The Tenth Judicial District Court, in and for Natchitoches Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law, and particularly for the introduction of such additional evidence, material and relevant to the case, as either plaintiff of defendant, or both, may desire to offer; the assessment of costs to await the final judgment to be rendered herein on the remand or on an appeal from such judgment.
Set aside and remanded.