141 So.2d 40 (1962)
Huey L. WHITTEN, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 9644.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1962.
On Rehearing April 24, 1962.
Rehearing Denied May 22, 1962.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellants.
Jackson & Reynolds, Homer, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
*41 AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendants property damage and damages for personal injuries allegedly sustained in a motor vehicle collision of January 12, 1959.
The accident occurred near the east end of the second bridge of a three-bridge crossing of Saline Creek on State Highway 4, an asphalt-surfaced highway in Bienville Parish. Involved were plaintiff's GMC pickup truck, driven by him, towing a trailer house, traveling in a westerly direction, and a Ford truck and semitrailer of Hughes Oxygen Company, operated by its employee, Roy Martin, proceeding in an easterly direction. Made a defendant in addition to Martin and Hughes Oxygen Company was the latter's public liability insurer. The Travelers Insurance Company.
Negligence charged to Martin consists of fast and reckless speed, not keeping a lookout, not keeping his vehicle under control, and of his failure to apply his brakes or to reduce his speed. Identical acts of negligence, as well as weaving and zigzagging his vehicle across the highway, were charged to plaintiff as constituting a proximate cause or, in the alternative, a contributing cause of the accident.
Damages sought in the sum of $31,000.00 were itemized as follows:

1. Physical pain and suffering $10,000.00
2. Future disability 10,000.00
3. Medical expenses 3,000.00
4. Loss of earnings for 10 months 4,000.00
5. Damage to trailer house 3,000.00
6. Storage for trailer house 350.00
7. Rent for living quarters in
 lieu of trailer house 650.00
 __________
 $31,000.00
 ==========

The question of liability was resolved against the defendants and plaintiff was awarded damages in the sum of $4,250.00, itemized as follows:

1. Damages for pain and suffering
 and medical expenses $1,000.00
2. Loss of earnings 1,500.00
3. Loss of trailer house 1,400.00
4. Storage of trailer 350.00
 _________
 $4,250.00
 =========

From the judgment thus rendered and signed, defendants appealed, placing at issue the questions of liability and the amount or quantum of the awards. Plaintiff has neither appealed nor answered defendants' appeal. Hence, as to the awards, the only consideration to be given relates to whether they are excessive.
On the question of liability, the testimony of the drivers, the only eyewitnesses to the accident, is diametrically opposed and irreconcilable. Both say the other was driving at a fast, excessive speed, weaving back and forth across the highway, and that the collision occurred on his side and in his proper lane of the highway. Plaintiff's further testimony is that, on seeing defendant's vehicle approaching, he steered his own vehicle to the extreme right side of the highway, reduced his speed, and stopped, after which defendant's vehicle collided with that of his own.
Defendant Martin did not stop at the scene of the accident, but continued some five or six miles distant to the residence of relatives. The truck was located by the state trooper at the store and station of Martin's father, and Martin himself was located at his father-in-law's.
The trooper had previously visited the scene of the accident and, in making his investigation, he found the GMC truck and trailer headed west on the right side of the highway and partly on the shoulder. The left side of the trailer house was ripped open from front to rear. One of the posts, located at the north side of the bridge, was also damaged in the collision. The north traffic lane was partially blocked; the south lane was clear. The physical facts thus support plaintiff's version of the occurrence of the accident.
*42 In our review of the record, we find no reason nor basis for disagreement with the trial court on its finding that the negligence of Martin was the sole, proximate cause of the accident.
Resolution of the questions presented as relate to the quantum of damages is, under the facts established in this record, attended with considerable difficulty.
First, however, defendants question plaintiff's ownership of the trailer house and, consequently, his right to recover damages sustained thereto, inasmuch as plaintiff concedes he has no title certificate to the trailer as required under Vehicle Certificate of Title Law, LSA-R.S. 32:701 et seq. This contention, we find untenable and without merit. The registration of sales of motor vehicles under the aforesaid statute is an administrative proceeding which does not bear any essential relation to contracts of sale of motor vehicles. Transportation Equipment Co. v. Dabdoub, La.App.Orleans, 1954, 69 So.2d 640 (writs denied). Consequently, failure to comply with the administrative regulation as to the registration of sales of motor vehicles does not invalidate the sales themselves. Hamner v. Dominque, La.App. 1st Cir., 1955, 82 So.2d 105 (writs denied); Bedsole v. Lee, La.App. 1st Cir., 1955, 78 So.2d 434; as
"The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid." LSA-C.C. Art. 2456.
The Vehicle Certificate of Title Law clearly does not make the sale of a motor vehicle void if the transfer is not executed in conformity with that statute. The statute does not directly nor by implication repeal the aforesaid codal provisions. Hence, title to motor vehicles, although imperfect, may be transferred as between the parties in accordance with the aforesaid codal authority, even though the purchaser has not complied with the Vehicle Certificate of Title Law. Transportation Equipment Co. v. Dabdoub, supra.
The insufficiency of the evidence to support a judgment as to the quantum of damages is vigorously urged by defendants.
Consideration shall first be directed to the evidence relating to the damages to the trailer house. The facts and circumstances under which plaintiff acquired the trailer lend little assistance to a determination of its value. The sale was not entirely free and unfettered. The sale was obviously made under a certain degree of stress and compulsion, due to a lien and privilege resting thereon which, at the time, was thought to be only 12 monthly installments of $50.57 each, which plaintiff agreed to pay as the purchase price; whereas, it was later discovered the remaining installments numbered 24. The purchase price could not, therefore, be said to be indicative or proof of the value of the trailer. No proof was offered as to the extent of the damages done to the trailer or the cost of necessary repairs.
The evidence leaves an inference that the trailer was not completely demolished. It was towed on its own wheels from the scene of the accident to a service station for storage. Some items of furniture were removed from the trailer. Thus, a clear indication is that there remained at least some salvage value. It is noted, however, that plaintiff testified the trailer had a value of $1,800.00. He was not tendered, nor qualified, as an expert. His calculation was predicated solely upon inquiry of a trailer sales concern, and the information received was therefore rank hearsay and inadmissible.
The proof as to plaintiff's personal injuries, medical expenses, loss of wages, and the necessity of a lengthy period of time for storage of the vehicle is equally unsatisfactory, particularly as to the last of these items under plaintiff's duty to minimize the damages sustained wherever possible.
*43 Following the accident, plaintiff disclaimed any injuries. This disclaimer is of no importance inasmuch as injuries subsequent to the accident may manifest themselves when, at the time of the accident, they were not noted. Such a remark is, therefore, quite understandable. However, soon after the accident, and on plaintiff's return to his home in Mansfield, he sought, according to his testimony, medical treatment from Dr. Jacob S. Segura, Jr. This treatment continued, according to plaintiff, for a period of approximately two weeks. Dr. Segura was not called as a witness nor was his testimony otherwise taken. Failure in this regard is neither accounted for nor explained.
Beginning more than 10 months after the accident, plaintiff, at the instance of his attorney, was examined and, for a period of time, treated by Dr. T. A. Norris, an orthopedist. The doctor's findings that plaintiff had suffered a muscular strain were based solely upon a history of the accident as related to him by the plaintiff and upon plaintiff's subjective complaints. In the meantime, plaintiff had been engaged as a salesman, required to drive a car; a transport truck operator; a tractor and bulldozer operator; a mechanic in a sawmill; and a trucker, self-employed. In pursuing at least some of these occupations and activities, strenuous physical exercise was required. It would appear very questionable whether the doctor could, with any degree of certainty, relate a causal connection between the muscular strain and the accident occurring more than ten months prior to his first examination.
Equally unsatisfactory and unconvincing is the proof concerning the other items of plaintiff's alleged loss. Obviously, some damage was sustained to the trailer house. The photograph in the record shows its left side ripped open from front to rear. Proof of the extent of such damage or of the cost of its repair is seemingly not out of the realm of possibility or probability.
A similar conclusion may be reached as to plaintiff's other claimspertaining to his alleged personal injuries, loss of wages, medical expenses, and storage of the trailer. Because of this deficiency of proof, it does not appear possible to make a definite pronouncement as to the extent of the damages sustained by plaintiff nor to make an award or awards therefor. The situation thus presented is one in which the court feels the ends of justice require that the cause be remanded.
An appellate court is granted discretion to remand a case wherever such action is consonant with the ends of justice. For instance, we stated, in Arkansas Louisiana Gas Co. v. Morehouse Realty Co., La.App. 2d Cir., 1961, 126 So.2d 830, 834, that
"* * * The rule developed in the jurisprudence under Code of Practice Art. 906, the principles of which have been incorporated in LSA-C.C.P. Art. 2164, is that a large discretion in remanding a case is vested in an appellate court where the record is not in condition to enable the court to pronounce definitely on the case or where the parties have failed to produce available testimony which might be material to a proper decision. The present tendency is to exercise this discretion where the ends of justice would be best served by the remand and by the reception of additional evidence where it appears that either party, or both, may be able to produce further material evidence, regardless of the cause for the omission of the evidence on the first trial."
See, also: Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Walker v. National Life & Accident Ins. Co., La.App.2d Cir., 1938, 184 So. 603; Young v. Thompson, La.App. 1st Cir., 1939, 189 So. 487.
We are not unmindful, however, of the principle that the statutory power to remand cases to the trial court for additional proceedings should be sparingly exercised *44 Bayou Rapides Lumber Co. v. Campbell, 215 La. 849, 41 So.2d 781.
Therefore, for the reasons assigned, the judgment appealed is hereby annulled, avoided, reversed and set aside; and
It is now Ordered that this cause be, and the same is hereby, remanded to the Honorable, the Second Judicial District Court in and for the Parish of Bienville, Louisiana, to be reopened for the introduction of such additional evidence, relevant to the issues relating to the extent or quantum of damages plaintiff may have sustained for personal injuries, medical expenses, loss of wages, and property damage to the trailer house and its storage, as either plaintiff or defendants may desire to offer and in accordance with law and consistent with the views herein expressed.
Plaintiff-appellee is assessed with the cost of this appeal. The assessment of all other costs shall await the rendition of final judgment.
Reversed and remanded.

On Rehearing
HARDY, Judge.
Subsequent to our judgment on original hearing of this case ordering the cause remanded for the purpose of receiving additional evidence as to the quantum of damages, both parties to the litigation filed applications for rehearing. Plaintiff-appellee objected to the order of remand, in its entirety, on the specific grounds that this court had erred in holding that there was insufficient evidence to support the judgment for damages, and in remanding the cause for further proceedings. The position of plaintiff, as stated by counsel in his application, was epitomized in the observation that all of the evidence at the plaintiff's disposal was introduced by the plaintiff on the trial of this case"
The application of defendants-appellants objected to the order of remand except with relation to the issue of damages to the house trailer.
In consideration of the obvious fact that our order had displeased both parties, we granted the application for rehearing, and pursuant thereto have undertaken a reconsideration of the record with respect to the quantum of the awards made by the trial court.
The facts are adequately stated in our original opinion. Our conclusions as to the insufficiencies of proof with respect to the several items of damage were also set forth in detail. Finally, we declared that because of the deficiency of proof as to the extent of the damages sustained by plaintiff, it did not appear possible for us to make definite awards.
Accepting the admission that all of the evidence at plaintiff's disposal was presented on original hearing, and after careful re-examination of the record, we remain of the opinion that it does not support a definitive judgment. It follows, since plaintiff has failed to establish his claims to damages by acceptable proof thereof, that his demands must be rejected.
For the reasons assigned the judgment appealed from is annulled, avoided and set aside, and,
IT IS NOW ORDERED, ADJUDGED AND DECREED that plaintiff's demands be and they are rejected.
In consideration of the fact that, in our opinion, plaintiff did establish negligence of the defendant, Martin, as the sole proximate cause of the accident, in which opinion we remain confirmed, we think costs of the litigation in both courts should be taxed against defendants-appellants, and it is so ordered.