### No. 2118

### Second Circuit Appeal

---

### FLOYD J. WILCOX v. CENTRAL LOUISIANA MOTOR CAR CO., ET AL.

---

(Jan. 19, 1925, Opinion and Decree.)
(March 2, 1925, Amended Opinon and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 112, 114, 120, 127.**
In an action for breach of contract for failure to deliver an automobile where defendants did not offer to make delivery on demand of plaintiff, but stated that they would deliver the automobile purchased as soon as they were able to secure one, although they did not then have the factory agency of that automobile; plaintiff is entitled to the return of the money and value of automobile deposited as payment on the new automobile and cancellation of the contract.

2. **Louisiana Digest—Marriage—Par. 93.**

Under Articles 131 and 133 of the Civil Code, the husband in community is responsible for the debts of the wife contracted as a public merchant whether the business is conducted for the benefit of the community or not.

3. **Louisiana Digest—Damages—Par. 7, 8, 9.**

In a suit for damage for violation of a contract where there is no bad faith and there is no proof of the exact money damage, a nominal amount may be allowed for the technical injury.

Appeal from Thirteenth Judicial District Court of Louisiana, Rapides Parish, Hon. Levin L. Hooe, Judge.

REYNOLDS, J.

Action by Floyd J. Wilcox to recover from defendants, Central Louisiana Motor Car Co., Mrs. Walter Lennie Smith and Mr. Walter Lennie Smith, judgment for $1,050.00 for the amounts of payments made on the purchase price of one Jewett automobile which defendants contracted to sell the plaintiff and has failed to deliver and for $500.00 damages caused to plaintiff by defendants' breach of contract.

Defendants deny liability for the return of the payments made and contend that they should be given time within which to make delivery of the automobile.

Defendant, Mr. Walter Lennie Smith denies liability.

There was judgment for $1,050.00 and $100.00 damages against both defendants.

Defendants appealed. Affirmed.

Peterman, Dear and Peterman, of Alexandria, attorneys for plaintiff, appellee.

Lamar Polk, of Alexandria, attorney for defendant, appellant.

### STATEMENT OF FACTS.

The defendant, Mrs. Walter Lennie Smith, is an automobile dealer in Alexandria, Louisiana, doing business in the name of Central Louisiana Motor Car Company. There exists between her and her husband the community of acquets and gains.

On September 6, 1922, the plaintiff contracted with the defendant to buy a Jewett automobile to be delivered December 25, 1922, and signed one of defendants' printed contracts under which plaintiff was to make stated payments and on which plaintiff made the following payments:

September 6, 1922, One Dodge Touring Car
Accepted by defendant at_____$ 450.00
Cash same date_____ 100.00
Jan. 3, 1923—cash_____ 200.00
March 3, 1923—cash_____ 100.00
April 3, 1923—cash_____ 100.00
May 3, 1923—cash_____ 100.00
            Making a total of_____$1,050.00

On the 1st of December 1922, at the request of the plaintiff the date for delivery of said car was changed to June 15th, 1923.

On May 22nd, 1923, plaintiff notified the defendant, by letter, that he would expect delivery of the Jewett car, on June 5, 1923, but on that date defendants failed to deliver same. Plaintiff then granted the defendants until August 1, 1923, in which to make delivery of the Jewett car.

On August 1st, plaintiff demanded the car but the defendant failed to deliver it.

On various dates plaintiff demanded from the defendant delivery of the Jewett car or the return of the payments made by him.

Defendants at no time offered to deliver the Jewett car to plaintiff.

On one occasion when plaintiff was demanding delivery of the Jewett car, defendant offered to deliver him a Chandler car, provided plaintiff would pay an additional charge of $275.00. This plaintiff refused to do.

Plaintiff alleging that defendant had defaulted on his contract and had failed to deliver him a Jewett car, and had refused to return the payments made on

same. Filed this suit. Service was accepted September 19, 1923.

Defendants filed answer September 27, 1923.

In paragraph 25 defendant answers:

It has been imposible to date for defendant to deliver this particular type of car, but that they desire and will deliver such a car to plaintiff as soon as they are able to receive such a car.

The plaintiff sued for the return of the payments made by him, $1,050.00 and for $500.00 damages for defaulting the contract.

There was judgment for the $1,050.00 and for $100.00 damages.

## OPINION

The evidence in this case shows the defendant entered into a contract to deliver to the plaintiff a Jewett car and that they have received on said contract amounts aggregating $1,050.00.

That the said car was to be delivered by Dec. 25, 1922 and that the date for delivery was by consent of both parties finally postponed till August 1, 1923.

That since August 1st, 1923, plaintiff has made repeated demands on defendant for the delivery of the car, and to the date of filing of the suit defendant had never offered to deliver to the plaintiff the car called for in the written contract. The evidence shows the defendant has not owned or had in their place of business such a car since August 1, 1922. In the answer defendants express a willingness to deliver such a car as soon as they can secure one.

Under the law and the contract between plaintiff and defendant, the plaintiff was entitled in August, 1923, to the car purchased, or the payments he had made on same back.

The attorney for defendant insist with great earnestness that at this time the defendant should be allowed time within which to deliver to the plaintiff a Jewett car; but the evidence shows that the car was to be delivered June 15th; that the defendant failed to deliver it on that date; that plaintiff on defendants' promise to deliver it on a fixed future date, extended the date for delivery from time to time up to September 1st; that defendant failed to keep his various promises to deliver on the days fixed.

In his answer defendant did not tender or offer to deliver then and there a Jewett car, but stated that they desired to and would deliver plaintiff a Jewett car as soon as they were able to secure one.

Under these conditions plaintiff is entitled to judgment for the amount of the payments made by him on the price of the car.

Defendant, Mr. Walter Lennie Smith, seeks to escape liability on the ground that he is in no way connected with his wife's business as a dealer in automobiles.

Art. 131. C. C. provides in effect: That the husband in community is responsible for the debts of the wife contracted as a public merchant.

Under this Article of the Civil Code we think Mr. Smith is clearly liable for the debts of his wife contracted in the relation to her business.

Counsel for defendant contends that Article 133 C. C. means that the husband is only liable, when it is shown that the business, as a public merchant, is conducted for the benefit of the community. In this contention we can not concur. The language of Art. 131 C. C. is clear, unambiguous and we think means exactly what it says.

As to the item of $100.00 allowed to the plaintiff for damages. Plaintiff says he was damaged in actual time lost $100.00. On Trs. page 19, plaintiff on cross examination testified:

Q. You have alleged damages in the sum of $500.00 and as I understand your testimony, you figured your time lost in the sum of one hundred dollars?

A. Yes, sir.

Q. I will ask you whether or not you can and desire to estimate the other damages that you have suffered?

A. That would be hard to estimate. Really money couldn't pay me for the worry and trouble that my wife and I went through. I imagine $500.00 would cover it. That is including the $100.00.

This evidence is not definite as to amount of damages suffered by plaintiff but under the authority of Green vs. Farmer's Consolidated Dairy Co., Ltd., 113 La. 869, 37 South. 858, holding: When a contract is violated, though not in bad faith, and though the proof fails to establish the extent in money, of the damages thereby sustained, nominal compensatory damages may be allowed for the technical injury. We think the $100.00 damages allowed by the lower court should be allowed.

For the reasons assigned the judgment appealed from is affirmed at defendant's cost.