No. ——
First Circuit

---

OPELOUSAS FINANCE CO. v. WALKER
OPELOUSAS MOTOR CAR CO.
CALLED IN WARRANTY

---

(May 3, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Guaranty—Par. 1, 10.
The purchaser of an automobile cannot, under Code of Practice, Article 379, call in personal warranty the seller when sued by the purchaser of the chattel mortgage notes, there being a lack of privity of contract to authorize the call in warranty.

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, District Judge.

Action by Opelousas Finance Co., Inc., against R. W. Walker; Opelousas Motor Car Company called in warranty.

There was judgment for Opelousas Motor Car Company, called in warranty, and defendant appealed.

Judgment affirmed.

S. W. Gardiner, of Ville Platte, attorney for defendant, appellant.

A. V. Pavy, of Opelousas, attorney for Opelousas Motor Car Company, called in warranty, appellee.

MOUTON, J. Defendant bought an automobile from the Opelousas Motor Car Company for $750.00, paid $250.00 in cash and executed eleven promissory notes for the balance of the purchase price, with interest and 10 per cent attorney's fees in case of collection. Plaintiff, the Opelousas Finance Company, as holder of these notes, brings this suit for enforcement of the vendor's privilege against the auto, and payment of the notes in principal, interest and attorney's fees. The title to the auto is not questioned and no defense is urged against the notes or the amount claimed. In his answer defendant asked that the Opelousas Motor Car Company, from whom he had bought the auto, be called in warranty, that the sale thereof to him be annulled for redhibitory defects, and that the same judgment be rendered in his favor against the Opelousas Motor Car Com-

pany that might be decreed against him for plaintiff company.

The Opelousas Motor Car Company filed an exception of no cause of action to this call in warranty. Judgment was rendered for plaintiff on the main demand and sustained the exception.

The sole question here is as to whether the defendant had the right to the call in warranty.

·There are two kinds of warranty under our laws, real and personal. C. P. 379. There is no real warranty involved in this case; hence, the question is as to whether defendant has any claim to a personal warranty which the article above cited says: "Arises from the obligations where one has contracted to pay the whole or a part of a debt due by another to a third person."

In the case of Anselm vs. Wilson, 8 La. 37, suit was brought on a promissory note signed by defendant, who admitted her signature thereto but averred she had paid Erwin the amount before the note was given, and that he had promised to save her harmless against the note, and became her warrantor. The court said:

"There does not appear to have existed any privity between the plaintiff and Joseph Erwin, who was a stranger to the contract sought to be enforced."

The court held that it was not a case of simple or personal warranty, within the meaning of that part of the Code which authorizes delay for calling in the warrantor. See also Brown's Executors vs. Copley & Jessup, 19 La. 474; Muntz vs. Algiers & G. Ry. Co., 114 La. 437, 38 South. 410, to the same effect. There is likewise here the lack of privity of contract ·to authorize the call in warranty.

Counsel for defendant refers us to Articles 1764, 2501 C. C., which say that warranty is implied or presumed in every sale. This warranty, it is true, also authorizes the avoidance of the sale on account of some vice or defect in the thing sold. C. C. 2520. Under the provisions of that article, defendant may be entitled to obtain the annulment of the sale to him by the Opelousas Motor Car Company, because the auto was defective or valueless, but this does not give him the right to a call on a simple or personal warranty under Article C. P. 379, and to a delay for the trial of the issue involving the alleged redhibitory defects urged by him.

The lower court correctly denied the demand in warranty.