Plaintiff sues to recover the value of eight automobile tires and five truck tires delivered to defendant for retreading, which, he avers, were not retreaded nor returned to him; and for the value of one used truck and three used passenger cars, the sale of which, it is alleged, he lost because of defendant's action in not retreading or promptly returning the tires untreaded.
Defendant admits receiving from plaintiff during the months of January and February, 1942, twenty-seven tires that he desired retreaded, and avers that four of them were retreaded and returned to plaintiff, together with ten others which were not and could not be retreaded because of their physical condition; that the remaining thirteen tires were not retreadable because of their condition, five of them (being truck tires) being returned to plaintiff in June 1942, which he declined to accept; that these five tires were taken by defendant's manager to plaintiff's place of business in Oak Grove, Louisiana, and again tendered to him in August, 1942, and again he refused to receive them; that also at this time said manager tendered to plaintiff the sum of Twelve ($12.00) Dollars as the value of the other eight tires which were not retreaded because, as alleged, they were "worn out and useless".
The court held that the five truck tires tendered were the identical ones plaintiff sent to defendant and recognized plaintiff's ownership thereof and ordered the tires delivered to him on demand. It also held that the eight auto tires not tendered had a value not in excess of Twelve ($12) Dollars and sustained defendant's plea of tender. Plaintiff was cast for all costs and he appealed from the judgment.
Plaintiff made two shipments of used tires to defendant to be retreaded. The first shipment on January 7, 1942, included twenty-two tires of various sizes, makes and plies, and the second, on February 5, 1942, consisted of five truck tires, 32" X 6" 10 ply. Contemporaneous with each shipment *Page 840 
plaintiff wrote defendant giving descriptions of the various tires, but unfortunately, as subsequent developments proved, the serial numbers were not included in the descriptions.
On February 18th defendant had retreaded four of the tires. These were sent to plaintiff and at or about the same time ten other tires, deemed not retreadable, were returned to him. This left in defendant's possession the thirteen tires about which this suit revolves.
Not receiving any reply to several letters to defendant about the thirteen tires, plaintiff, in July, drove from his home to Shreveport, a distance in excess of one hundred sixty (160) miles, to learn, if possible, why they had not been returned to him. He visited defendant's place of business, and, accompanied by one of its employees, searched its warehouse and storeroom to locate the tires. Not one of them could be found, although they were shipped in bundles with his tags on each bundle. He was told by defendant's manager that probably the truck tires were in Memphis, Tennessee, for retreading as defendant was not prepared to retread tires of that kind. While searching for the tires plaintiff found eight auto tires which he was willing to accept in lieu of his own. Defendant's manager readily agreed that he should have these tires and promised to ship them to him the next day, but this was never done. No reason to this time has been assigned for failure to comply with this agreement.
It is defendant's contention that the eight auto tires were not retreadable and were sold by it as junk, but it does not give the date of the sale nor to whom sold. Reasonable inferences arising from the testimony weigh strongly against the contention reflected from defendant's own conduct, among them being these:
(1) If not retreadable, why were these tires not returned in February when the other ten non-retreadable tires were returned? and,
(2) Why was not plaintiff informed of the alleged sale of the eight tires in July when he searched for them and at which time eight other tires were tendered in lieu thereof?
These tires were the property of the plaintiff. Even if not retreadable defendant had no right to sell them without his consent and its action in doing so was in flagrant disregard of his property rights and was, in fact, a conversion of his property for which no accounting was offered until suit was threatened. It seems to us that defendant's present contention is purely an afterthought. This impression is strengthened by the following letter written by defendant to plaintiff on April 9, 1942, viz.:
"We have received a letter from your attorney requesting that we return your tires at once or action would be taken against us.
"We are able to locate only three tires here bearing your shipping tags. Please furnish us at once with a description of the tires sent in to us which have not been returned to you, showing size, make and serial number of the tires and we shall return them to you at once."
When this letter was written defendant was in possession of plaintiff's letters wherein description of the tires was given, except the serial numbers. It is evident the eight auto tires had not been disposed of as junk to that time, hence the desired information. Plaintiff replied to this letter and again gave the information sought, but he heard nothing further on the subject until defendant's manager tendered the truck tires and the Twelve ($12) Dollars in August.
It is reasonable to conclude that the identity of plaintiff's tires was lost in the shuffle and defendant does not know what became of them.
Plaintiff testified that these eight tires were worth Ten ($10) Dollars each; that most of them were in good condition. There is no testimony in the record to contradict this value if the tires were in the condition plaintiff says they were. Defendant's witnesses testified that tires when sold for junk were worth very little. This may be true, but it is not a proper criterion upon which plaintiff's rights should be measured in the instant case. A tire may not be retreadable and yet will give satisfactory service for months.
From a business standpoint, plaintiff was not given near the consideration by defendant as was obviously due him. Defendant never acknowledged receipt of the two shipments of tires nor did it reply to a single letter of the many he, over a period of more than six months, wrote it in regard to the tires. The trial judge in written reasons for judgment stated that "defendants are gravely at fault in this case", but *Page 841 
decided, under the testimony, he was unable to award plaintiff money judgment for more than was given him.
We think the lower Court's conclusion as regards the truck tires correct. A question of identity only is involved. Plaintiff declined twice to accept delivery of these tires on the ground that he thought they were not his, but the preponderance of the testimony is against him on this question of fact.
The lower Court also ruled correctly on plaintiff's demand for losses sustained through inability to sell a truck and three automobiles because of the failure of defendant to deliver back to him the thirteen tires in a reasonable time. No good reason appears for plaintiff not purchasing tires for the automobiles. He had several months in which to do so before rationing of this class of tires was adopted by the Government.
Plaintiff's counsel contends that whether or not the damages sued for have been proven, still plaintiff is entitled to an award of damages on account of the flagrant violation of his rights and the inexcusable breach of the contractual obligation due him by defendant; that as regards this claim it was not necessary that he prove actual damages, but that the Court has the power to assess the same. He cites the following cases to support this position, to-wit: Floyd Wilcox v. Central Louisiana Motor Car Company, 1 La.App. 461; Green v. Farmers' Consolidated Dairy Company, Ltd., 113 La. 869, 870, 37 So. 858; Judice v. Southern Pacific Company, 47 La.Ann. 255, 16 So. 816; Joseph Bourdette v. Sieward, 107 La. 258-264, 31 So. 630, 633.
In this last case, the Court said:
"There is no doubt that, our previous decision having determined that the plaintiff had been deprived of a legal right, plaintiff is entitled to recover damages against the defendant to some extent. We have held that the violation by a person of the legal rights of another renders the latter liable for at least nominal damages, without proof of actual damage. Dudley v. Tilton, 14 La.Ann. 283; Powers v. Florance, 7 La.Ann. 524; Bourdette v. Sieward, 52 La.Ann. 1333, 27 So. 724."
Defendant's action in the respects mentioned caused plaintiff considerable inconvenience and some expense. He was compelled to come to Shreveport in search of his tires and when all amicable efforts to have them returned had failed, he had to engage counsel to prosecute his rights.
The automobile tires may not have had a market value as great as plaintiff testified, but when the whole case is reviewed and due consideration given to the facts, especially the breach of duty due him by defendant, an award in his favor for an amount equal to the value of the tires as fixed by him will meet the ends of equity and of justice.
For the reasons herein assigned, the judgment appealed from is amended by increasing the award in plaintiff's favor to Eighty ($80) Dollars, with five per cent (5%) per annum interest thereon from judicial demand and casting defendant for all costs; and as thus amended, the said judgment is affirmed.