TATE, Judge.
The petitioner, Automotive Finance Company, Inc., sued on a promissory note held by it. The defendants are Jules Daigle, the maker, and Mrs. Joseph Daigle, an endorser. The defendants sought to call in warranty the vendor (and original payee of the note) of the automobile subject to chattel mortgage securing the promissory note sued upon. An exception was filed to the call in warranty, which was maintained! Subsequently, after trial, judgment was rendered for petitioner for the balance due on the note. . . .
Defendants’ appeal, alleging error on the sole ground that the District Court incorrectly dismissed their call in warranty of Cary, their vendor, as third-party defendant, due to the enactment of Act 433 of 1954, LSA-R.S. 13 :3381, instituting “Third-Party Practice” in Louisiana. It appears that our courts are for the first time called upon to determine the scope and intent of this Act.
The petition seeks judgment on the note for $583.05, interest, attorneys’ fees, and costs. Defendants filed answer and a call in warranty, seeking to call in warranty his vendor, W. B. Cary, d/b/a Auto Sales. In turn, Cary called in warranty Eugene J. *580 Smith, who sold the car to Cary; although Smith was served, he made no appearance below. Both Cary and Smith passed from the case as parties when the exception to the call in warranty was sustained.
' In their answer and call in warranty, defendants allege that there was a total failure of consideration for the note since the automobile was defective at the time of the sale. In fact, the District Court found: “The evidence is undisputed that the automobile was mechanically useless and unfit for the purpose purchased.” But the District Court found that plaintiff-finance company did not have knowledge of the transaction, direct it, nor was it so closely associated with the vendor as to put it in the ■latter’s shoes, charged with knowledge and all equities. The District Court rendered judgment in favor of plaintiff in the full amount of the note sued upon, holding plaintiff was a holder in due course.
Defendant alleges error below because of failure of the Lower Court to maintain the 'call in warranty under the provisions of LSA-R.S. 13:3381 et seq., Act 433 of 1954, which provides as follows:
' “Third Party Practice” • :
§ 13:3381. “Defendant in principal action may bring in third person
“In any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
“In such cases the plaintiff in the principal action may assert any demand against the third-party defendant arising out of the transaction or occurrence that is the subject of the principal demand. The third-party defendant thereupon shall plead his objections and defenses in the same manner as prescribed for an original defendant in an ordinary action and may reconvene against the plaintiff in the principal action or the third-party plaintiff, on any demand arising out of the transaction or occurrence that is the subject matter of the principal demand, in the manner prescribed for reconventional demands.” (Italics ours.)
The present suit was filed on October 29, 1953, and the answer and call in warranty was filed on November 25, 1953. The exception to the call in warranty was filed on February 2, 1954, and the judgment on the exceptions dismissing the call in warranty was rendered on October 18, 1954. Judgment on the merits was rendered on November 9, 1954.
Act 433 of 1954 was approved by the governor on July 7, 1954, and went into effect on July 30, 1954. Therefore, the Act went into effect while the present suit was pending. Furthermore, the Act is procedural in form, and procedural statutes may be given retrospective effect, General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417.
It is apparent that this Act was not called to the attention of the' District Court at the time it ruled on the exception to the call in warranty. The lower court maintained the •exception on the basis of the previous jurisprudence, to the effect that one could not be called in warranty unless there was a specific contract to hold the warrantee harmless from the debt sued upon, Article 378, Code of Practice; Muntz v. Algiers & G. R. Co., 114 La. 437, 38 So. 410; Opelousas Finance Company v. Walker, 1 Cir., 6 La.App. 308.
As was pointed out by Professor Henry G. McMahon, acknowledged authority on Louisiana practice and procedure, in his review of 1954 Legislation concerning “Courts and Judicial Procedure”, 15 La. Law Review 38, 46-49, discussing the Third-Party Practice Act above, this Act was adopted by the Legislature upon the recommendation of the Louisiana State Law Institute. It is based upon federal third-party practice, especially Federal Rule *581 of Civil Procedure 14(a), 28 U.S.C.A.,[1] and tracks with identical verbiage except for section numbers, the recommended Institute text.[2] The specific purpose as proposed was to enact an even broader third-party practice than is contemplated by -the Federal Rules.[3]
Even under the federal third-party practice, which omits the provision that a third-party plaintiff may bring in a third-party defendant “who is his warrantor”, and which permits the exercise of judicial discretion in admitting the third-party defendant as an additional party, the impleading of the present vendor as a third-party defendant would probably be permitted under the facts of this case; see United States v. Hecht, D.C., 9 F.R.D. 340; United States *582 v. Pryor, D.C., 2 F.R.D. 382; Fruit Growers Coop. v. California Pie & Baking Co., D.C., 2 F.R.D. 415; Jeub v. B/G Foods, D.C., 2 F.R.D. 238; Hubshman v. Radco, Inc., D.C., 71 F.Supp. 601; Balcoff v. Teagarden, D.C., 36 F.Supp. 224. The latter case, for instance, concerned a suit by an author' in damages for the unauthorized performance of his song by the original defendant; this defendant successfully im-pleaded as third-party defendant the plaintiff-author’s sister alleging her liability for any damages because of her alleged breach of warranty in representing that she was authorized by plaintiff-author to request the original defendant to perform this song.
Federal cases such as United States v. DeHaven, D.C., 13 F.R.D. 435 and United States v. Jollimore, D.C., 2 F.R.D. 148, which did not permit impleading of a third-party defendant under circumstances similar to the present, can probably be distinguished in the reliance therein upon the judicial discretion permitted by Federal Rule 14 arid explicitly omitted from the Louisiana Act.
As remarked by Professor McMahon in his review of the 1954 Legislature, 15 La. Law Review 49, adoption of these particular sections of the projet of the new Code of Practice without adoption of related sections [4] will result in some procedural problems in this innovation of third-party practice. But the remedy therefor is for the Legislature and not the courts.
In view of the plain legislative intention; we must construe the Third-Party Practice Act, LSA-R.S. 13:3381 et seq., to permit the defendant herein to implead as third-party defendant the vendor of the automobile to him, who is both his war-rantor (on the implied personal warranty in the sale of the automobile) and who is also liable over to the present defendant for any judgment recovered against the latter by the present plaintiff — that is, of course, if the allegations of his petition against the third-party defendant as to the defective nature of the automobile are true.
Under federal practice, with its provisions permitting trial separately of unrelated issues,[5] in the present instance the judgment of plaintiff holder against defendant maker would be affirmed, there being no manifest error therein; but the judgment maintaining the exception would be reversed and the cause remanded for further proceedings on the claim of the original defendant (third-party plaintiff), maker of the note, against the third-party defendant, the seller of the automobile, see Glen Falls Indemnity Co. v. Atlantic Bldg. Corp., 4 Cir., 199 F.2d 60.
Defendant urges in brief that the entire judgment should be reversed, since if the third-party defendant (vendor) had been impleaded, defendant could have proved by cross-examination of the vendor that plaintiff-finance company and the vendor of the automobile were so closely associated that the plaintiff was not a holder in due 'course of the note. On the other hand, we were somewhat- reluctant to reverse the entire judgment, since defendant-maker had his day in court as against the plaintiff-holder of the note.- .
But no provision in Louisiana law has been called to o.ur attention which permits a separate trial of separate issues, although *583 this procedure is often resorted to in actual practice without objection by the parties. We are further mindful of the recent declaration of our Supreme Court, “The trial of cases in piecemeal is not favored.” Loew’s, Inc., v. Don George, Inc., 227 La. 127, 78 So.2d 534, 535.
For the above and foregoing reasons the judgment of the trial court herein sustaining the exception to the call in warranty of the third-party defendant, W. B. Cary, d/b/a Auto Sales, is hereby reversed; and the judgment in favor of plaintiff and against defendant is also hereby reversed. These proceedings are remanded for trial on the merits.
All costs of this appeal are assessed jointly to defendant, Automotive Finance Company, Inc., and third-party defendant, W. B. Cary; all other costs to await final disposition of this matter.
Reversed and remanded.

. Federal Rule 14, first sentence 14(a):
“Before the service of Ms answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable ■ to him for all or part of the plaintiff’s claim against him.”

. See Exposé Des Motifs No. 7, Code of Practice Revision, Louisiana State- Law Institute, “Book II, Rules of Pleading and Practice in Ordinary Process, Title I Pleading,” April 23, 1953, pp. 79r85, especially Article 62:

“Defendant may tiring in third person.

“The defendant in a principal action may by petition bring in any person (including a co-defendant) who is his war-rantor, or who is or may be liable to him for all or part of the principal demand.
“In such cases the plaintiff in the principal action may assert any demand against the third-party defendant arising out of the transaction or occurrence that is- the subject of the principal demand. The third-party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 14-42, and 47, and may reconvene against the plaintiff in the principal action or the third-party plaintiff, on any demand arising out of the transaction or occurrence that is the subject matter of the principal demand, in the manner prescription in Articles 52 through 57.
“Source: Ped.Rule 14(a) as amended; Admiralty Rule 56; art. 380, Code of Practice.”

. See Exposé Des Motifs, supra cit., pp. 80-82 “Comments” following Article 62.
“(a) The most radical change proposed in the entire field of pleading is the discarding of our present call in warranty and the acceptance of the third-party practice of the Federal Rules in lieu thereof. The call in warranty was always much narrower and much less effective than third-party practice, and its usefulness has been reduced to a considerable extent by the decisions in Bank of Baton Rouge v. Hendrix, 1940, 194 La. 478, 193 So. 713 and cases cited therein, holding that a defendant cannot call a third party in warranty unless a contract of warranty exists between the defendant and the third party sought to be called in warranty.
“(b) The third-party demand sanctioned by this and succeeding articles is considerably broader than the third-party action contemplated by Ped.Rule 14. Under the latter, the third-party defendant is only ‘a person not a party to the action’ under this article, the . third-party defendant may be ‘any persor (including a co-defendant).’ The pur pose of broadening the demand against third parties under the .new procedural code was to eliminate the necessity foi recognizing the ‘cross-claim' sanctioned by Ped.Rules 13(g) and 14. The principal use of such a procedural device in Louisiana would be to pass on to a co-defendant all or a part of the judgment recovered agadnst the defendant by the plaintiff, and by permitting the defendant to call in such third person under the demand against third parties, this function of the cross-claim is eliminated.
*****
“(c) One difference between this article and the Federal rule is that in the latter whether a third-party defendant may be brought in rests within the discretion of the trial judge, whereas under Pleading, art. 45, supra, the defendant may bring in a third pcurty as of right at any time up to and including the time for filing the answer. The proposed Louisiana rule is substantially the same as is allowed in Rule 56 of the Admiralty Rules. The call in warranty, under our present procedure, may be included in the answer and hence filed as of right at the time the answer is filed. Art. 382, Code of Practice.” (Italics ours.)

. See Exposé Des Motifs, supra cit. pp. 59-68, Sections 43-51. See for example:
"Art. 45 Delay 'for filing incidental demands.
“An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
“An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 57 or 59.
*****
“Article 50 Separate trials; separate judgments
“If the court order separate trials as provided in Article -, judgment on an incidental demand may be rendered, even if the principal demand has been dismissed or otherwise disposed of.”

. Federal Rules of Civil Procedure 13 (i), 42(b), 28 U.S.C.A.