85 So.2d 321 (1956)
MOTORS SECURITIES COMPANY, Inc.
v.
John HINES, Defendant, Third Party Plaintiff and Appellant;
Edward L. WILLIAMS, Jr., d/b/a Ed Williams Motor Company, Third Party Defendant and Appellee.
No. 8442.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1956.
Comegys & Harrison, Shreveport, for John Hines, defendant, third party plaintiff, and appellant.
Ferdinand A. Cashio, Shreveport, for Edward L. Williams, Jr., d/b/a Ed Williams Motor Company, third party defendant and appellee.
GLADNEY, Judge.
This suit was brought against the purchaser of an automobile by the holder in due course of the note given as part payment of the purchase price. Defendant's petition to make the vendor of the automobile and payee of the note a third party defendant as warrantor of a defective automobile was met by exceptions which were sustained and plaintiff's third party action was dismissed as of nonsuit. The correctness vel non of the ruling of the trial court on the exceptions presents the single issue in this appeal.
The Motors Securities Company, Inc., as a holder and owner in due course and without notice, sued upon an installment chattel mortgage note dated December 6, 1954, for the principal sum of $1,111.86, made and subscribed by John Hines, to the order of Ed Williams Motor Company, and endorsed by the latter without recourse. In his answer, Hines admitted the material allegations of the petition, but petitioned for relief on a claim of personal warranty against Edward L. Williams, the owner of the Ed Williams Motor Company, basing his claim on the defectiveness of the vehicle for which the note was given. After Williams, through the procedure prescribed by the Third Party Practice Act, LSA-R.S. 13:3381-3386, Acts 1954, No. 433, was made third party defendant, he filed exceptions of no cause and no right of action grounded specifically upon the following averments:
"That the demand which the defendant is attempting to assert against the exceptor purportedly under the Third Party Practice Act is not in any way connected with the principal demand, and, hence, the purported proceeding under said act is wholly unauthorized."
After due hearing, the trial judge maintained the exceptions and dismissed the third party petition filed by Hines as of nonsuit, assigning full and complete reasons for his decision. From the judgment Hines has perfected a devolutive appeal to this court, wherein he asserts the district court was in error in dismissing his claim against the third party defendant.
In arriving at his decision, the judge a quo relied upon Federal cases in which application of Federal Rule of Civil Procedure *322 14, 28 U.S.C.A. was considered, recognizing, however, certain differences do exist in practice under the State and Federal systems. This view is reflected in the following excerpts from his opinion:
"The Third Party Practice Act, R.S. 13:3381 et seq., Act 433 of the 1954 Louisiana Legislature, is such recent legislation that there are no reported cases from the appellate courts of this state interpreting the same. The pertinent portion of the Act provides:
"`In any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand.'
"This provision of our statute is similar to, though not identical with, Rule 14(a) of the Federal Civil Rules, which reads as follows:
"`Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him.'
"The Federal cases interpreting this rule uniformly hold that the granting or denial of leave to a defendant to prosecute a third-party proceeding under this rule rests in the sound discretion of the trial court, and that the appellate courts will not review this exercise of discretion except in cases of abuse. See U. S. v. Acord, 10 Cir., 1954, 209 F.2d 709, certiorari denied 347 U.S. 975, 74 S.Ct. 766, 98 L.Ed. 1115; Ford Motor Co. v. Milby, 4 Cir., 1954, 210 F.2d 137.
"It would appear from a reading of the Louisiana statute that the trial judge is not vested with the same discretion in granting or denying a third-party pleading as the Federal Civil Rule grants. However, we think it manifest that the primary purpose of both the Louisiana statute and the Federal Rule is one and the same, namely, the disposition of disputes with common questions of law and fact in a single suit and the avoidance of multiplicity. Skupski v. Western Navigation Corp., D.C.N.Y.1953, 113 F.Supp. 726; Lane v. Celanese Corp. of America, D.C.N. Y.1950, 94 F.Supp. 528; Henry G. McMahon, 15 Louisiana Law Review 49 (December, 1954)."
The Third Party Practice Act was adopted by the Legislature upon recommendation of the Louisiana State Law Institute and is patterned upon Federal rules of third party practice, especially Federal Rule of Civil Procedure 14(a), 28 U.S.C.A. Henry G. McMahon relates in an article entitled "Courts and Judicial Procedure", XV Louisiana Law Review, 38, 46-49, that prior to the enactment of Act 433 of 1954, the Louisiana counterpart to the modern third-party practice of Anglo-American jurisdictions has been the call in warranty, a procedural device borrowed from French law. Pointing out that in our practice the call in warranty has not worked effectively with respect to the personal warranty, the author comments:
"For years, our Supreme Court restricted its use to the instancesentirely theoreticalwhere there was privity between the original plaintiff and the defendant in warranty. In 1905, this utterly unworkable rule was repudiated in Muntz v. Algiers & G. Ry. [Co., 114 La. 437, 38 So. 410], and the way should have been opened for the effective use of this procedural device. Unfortunately, in the Muntz case, the court gratuitously threw in a dictum to the effect that `there must be a contract of warranty between such defendant and the person so called in.' This was soon expanded into the direct holding that the call in warranty cannot be employed in cases involving personal warranty unless based upon a contract of warranty or upon a statutory provision expressly permitting the *323 defendant in warranty to be called in. The result has been an inability to use the device for the purpose of obtaining a judgment over, in the numerous cases where the third party is indebted to the defendant for all or a part of the obligation sued upon by plaintiff, but the liability of the third person arises ex lege rather than from an express contract of warranty."
The same authority records three differences encountered in the employment of the State and Federal devices for third-party practice. Under note 62 Id. pp. 47 and 48, he enumerates these:
"First, under federal practice, the third-party defendant must be `a person not a party to the action.' Fed.R.Civ.P. 14(a). The proposed Louisiana article is broader: the third-party defendant may be `any person, including a codefendant.' See Art. 62, Pleading, op. cit. supra note 60. The purpose of this difference was to eliminate the necessity for any counterpart of the federal cross-claim. Cf. Fed.R.Civ.P. 13(g).
"Second, under federal practice the defendant must move for leave to bring in the third-party defendant, and the matter addresses itself to the judicial discretion of the trial judge. Fed.R. Civ.P. 14(a). The proposed Louisiana article, like the present Art. 382, La. Code of Practice of 1870, and Rule 56 of the Federal Rules of Admiralty [28 U.S.C.A.], grants to the defendant initially the right to bring in a third-party defendant.
"Third, the only papers which must be served upon the third-party defendant in federal practice are the summons and a copy of the third-party complaint. Fed.R.Civ.P. 14(a). This is in accord with our present rule of requiring the service of only the citation and the answer embodying the call in warranty upon the warrantor. Art. 383, La. Code of Practice of 1870. The Law Institute thought it advisable to require the service of citation and a certified copy of all of the basic pleadings upon the third-party defendant."
Manifestly, the adoption of the Third-Party Practice Act in this state came as a result of dissatisfaction with procedural limitations encountered in actions relating to personal warranty arising under C.P. Art. 378. The Act is incorporated as Article 62 in the project of the proposed new Code of Practice being written under the auspices of the Louisiana State Law Institute. In Expose Des Motifs No. 7, Code of Practice Revision, Louisiana State Law Institute, Book II, Rules of Pleading and Practice in Ordinary Process, Title I, Pleading under "Comments" following Art. 62, there appears this statement:
"* * * The principal use of such a procedural device in Louisiana would be to pass on to a codefendant all or a part of the judgment recovered against the defendant by the plaintiff, and by permitting the defendant to call in such third person under the demand against third parties, this function of the cross-claim is eliminated."
Recently there appeared the first published opinion construing the Louisiana Statute. This is the decision by Judge Tate, in Automotive Finance Company, Inc., v. Daigle, La.App.1955, 80 So.2d 579. In the cited case, as here, the court was confronted with a suit brought by the holder in due course of a note against the maker in which the latter attempted to exercise rights under the Third Party Practice Act. The appellate court held that defendants were entitled to implead as third-party defendant, the vendor of the automobile, who was purchaser's warrantor and who would be liable over to the purchaser if allegations that the automobile was defective, were true. The decision, therefore, is contrary to that presented for review herein.
The viewpoint expressed in Automotive Finance Company, Inc., v. Daigle, so it appears to us, is consistent with the end sought to be achieved by the authors of the Louisiana Act, who especially desired to discard the procedural restrictions upon actions in personal warranty theretofore imposed by jurisprudence which refused to permit a defendant to call a third party in warranty unless a contract of warranty existed *324 between the defendant and the third party sought to be called in warranty. It is our conclusion, therefore, that the judgment from which appealed maintaining the exceptions of no cause and no right of action directed at the third party action is in error. The judgment from which appealed is reversed and set aside, but only insofar as it pertains to the exceptions of no cause and no right of action, which are hereby overruled; and it is further ordered that this cause be remanded for further proceedings not inconsistent with the views herein expressed, costs of this appeal to await final determination of the case.