94 So.2d 13

**Mrs. Lena B. Gandolfi BOURREE**

v.

**A. K. ROY, Inc.**

No. 42911.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

Sydney J. Parlongue, New Orleans, A. V. Kling, Jr., Gonzales, Clarence Frost, Reserve, C. William Bradley, Norco, for defendant-appellant.

Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, for plaintiff-appellee.

McCALEB, Justice.

This is a suit by the vendee of real estate situated in Jefferson Parish and bordering on Lake Pontchartrain, against her vendor to have the sale rescinded and for a return of the purchase price with costs and interest. The undisputed facts of the case are these:

In 1947 defendant, A. K. Roy, Inc., acquired the land, a small tract in Jefferson Parish lying between the former right-of-way of the New Orleans Lakeshore Hammond Highway and Lake Pontchartrain. On October 6, 1948 the property was sold to the State for non-payment of taxes for 1947 but this sale was cancelled as erroneous on October 19, 1951 by the Register of the State Land Office. Meanwhile, defendant had agreed to sell the property to plaintiff, Mrs. Bourree, for $5,115 cash and, after some delay resulting from examination of title and the furnishing of a title guarantee, the act of sale was finally passed on October 25, 1951. However, long prior to the sale, by resolution adopted in December of 1948 and by another resolution adopt-

ed on March 24, 1949, which was registered in the conveyance office records of Jefferson Parish on August 26, 1949, the Board of Commissioners of the Pontchartrain Levee District appropriated the land for levee uses and, when Mrs. Bourree attempted to take possession under the act of purchase of October 25, 1951, she ascertained that the Levee Board had previously taken full possession of the property. She thereupon made amicable demand on defendant for a recission of the sale and offered to retransfer the property but defendant refused to accept the tender and reimburse plaintiff for the purchase price. This suit followed.

Although defendant denied in its answer that plaintiff is entitled to the relief prayed for in the petition, it offered no defense and the validity of her claim was conceded below and in this Court. However, defendant, invoking the provisions of the Third Party Practice Act (Act 433 of 1954, incorporated in the Revised Statutes as R.S. 13:3381–3386), called the Board of Commissioners of the Pontchartrain Levee District as a third-party defendant and alleged that, by reason of its appropriation of the property, said Board is liable to it under Section 6 of Article 16 of the Constitution for $5,000, this being the alleged assessed value of the land for 1948, the year preceding its appropriation.

To this demand, the Board of Commissioners of the Pontchartrain Levee District appeared and filed an exception of no right

or cause of action which was referred to the merits of the case. In its answer, the Board admitted the appropriation of the property but denied defendant's right to call it either in warranty or under the third-party statute and prayed to be dimissed.

After a hearing, there was judgment in favor of plaintiff and against defendant, setting aside the sale and for reimbursement of the purchase price and defendant's third-party action against the Board of Commissioners of the Levee District was upheld, judgment being granted against said Board in defendant's favor for $5,000. The Board has appealed from the judgment against it and defendant has also appealed solely, according to its counsel, as a measure of precaution.

▇ As we have above stated, there is no issue between plaintiff and defendant as the latter admits that the judgment against it in plaintiff's favor is correct. On the other hand, there is considerable doubt that defendant had the right to invoke the third-party statute against the Levee Board and require the latter to respond in this suit to its demand for the constitutional gratuity not exceeding the assessed value of the land appropriated. This question arises under the Board's exception of no right of action.[1]

The first paragraph of R.S. 13:3381, upon which defendant's call is founded, reads:

"In any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, *or who is or may be liable to him for all or part of the principal demand.*" (Emphasis ours.)

Since it is obvious that the Levee Board is not defendant's warrantor, the only basis upon which the call could be sustained is that said Board is or may be liable to defendant for all or part of the principal demand. The principal demand in this case is a recission of a contract of sale by reason of the defendant's admitted inability to maintain plaintiff in possession and because it has breached its warranty to convey to plaintiff a title free from all encumbrances.

▇ Defendant's demand against the Levee Board, on the other hand, has no causal connection with the principal action. This demand seems to be predicated on the theory that, since the Board appropriated the property and has become liable to defendant for the assessed value thereof, the Board may be required to respond in this suit because, but for the appropriation, defendant would not have become liable to

1. The Board has filed in this Court a plea of prescription of two years provided by Article 2630 of the Civil Code and R.S. 9:5624, which is applicable to actions for damages and claims resulting from the expropriation of land. In view of the conclusion we reach, it is unnecessary to pass on this plea.

plaintiff for breach of contract. But the fallacy of this nebulous theory is that the asserted indebtedness of the Board to defendant neither arose out of nor did it result from defendant's breach of contract with plaintiff. On the contrary, the appropriation of defendant's property by the Levee Board occurred long before defendant conveyed the land to plaintiff and the alleged servitude which was exercised by the Board for levee purposes had burdened the property from the time it was separated from the public domain. See Dickson v. Board of Com'rs, 210 La. 121, 26 So.2d 474; Delaune v. Board of Commissioners, 230 La. 117, 87 So.2d 749 and cases there cited.

■ The purpose of the third-party action statute was to provide a method for the settling in one suit of all liability in the numerous instances in which a third party is indebted to the defendant for all or part of the obligation sued upon by plaintiff although no express contract of warranty existed between the defendant and the party called. See discussion of the statute by Professor Henry G. McMahon in 15 La. Law Review, 46–49. And, when properly employed, the statute, which is patterned on federal third-party practice, as set forth in Federal Rule of Civil Procedure 14(a), 28 U.S.C.A. accomplishes a salutary function. However, it is manifest that it would lead to undesirable results to permit the statute to be extended to any case in which the indebtedness of the third party to the defendant did not arise out of or have causal connection with the main demand. This case presents a classic example of an attempt to make an improper use of the statute and we think that the Levee Board's exception of no right of action should have been sustained.

The judgment appealed from is therefore reversed insofar as it holds the Board of Commissioners of the Lake Pontchartrain Levee District liable to defendant on the latter's call under Act 433 of 1954 (R.S. 13:3381–3386) and defendant's petition is dismissed. In all other respects, the judgment appealed from is affirmed. Defendant is to pay all costs and the right is reserved to it to proceed against the Board of Commissioners of the Lake Pontchartrain Levee District in a direct action for such redress as may be appropriate.

HAMLIN, J. ad hoc., recused.