McBRIDE, Judge.
Two of the defendants have appealed from a judgment dismissing their third-party demand against one who is not a party to the original suit.
Plaintiff, owner of Lot No. 6, Square 1197, Third District of New Orleans, sues appellants who are co-owners of the adjoining Lot 7, alleging that they are utilizing a part of plaintiff’s Lot 6 as a “community driveway” when as a matter of fact there is no public record of such servitude bearing against Lot 6; plaintiff prays *680 for judgment decreeing that Lot 6 is not encumbered by any servitude in favor of Lot 7 and that the defendants be enjoined from interfering with plaintiff’s right to the full and free use of Lot 6 and more particularly with his right to erect a partition fence along the boundary line between Lots 6 and 7; plaintiff also impleaded his vendors and as against them prayed that if it be decreed that Lot 6 is encumbered by a servitude then in that event the sale of the property to him should be annulled and that they be condemned to refund the purchase price to him.
Defendant owners of Lot 7 filed an answer claiming that Lot 6 is encumbered by a servitude in favor of Lot 7; they allege that the community driveway which affects both Lots 6 and 7 was a matter of public record long before the plaintiff acquired Lot 6; in the alternative, said defendants assume the role of third-party plaintiffs and ■ sought to make Richard L. Voelker, Jr., a notary public, their third-party defendant alleging that a former owner of both Lots Nos. 6 and 7 had established the community driveway on both lots by act before said notary, and that if it be shown that the act creating the servitude is not of record as plaintiff alleges, then said notary public, the third-party defendant, was inadvertent and negligent and should be cast “for sufficient damages as may be incurred by the Third Party Plaintiffs as a result of the principal demand of RAYMOND S. Mc-GEE, or alternatively, in the amount of $5,000, * * * ”. They accordingly pray for judgment against the third-party defendant.
The third-party defendant interposed exceptions of no right or cause of action and an illegal cumulation of actions, the former being overruled, but the latter exception was maintained and the third-party demand dismissed “without prejudice,” hence, this appeal by the third-party plaintiffs.
The first paragraph of C.C.P. art. 1111, under which appellants’ third-party demand was made, reads:
“The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.” [Italics ours.]
Certainly Voelker, the notary public, is not appellants’ warrantor, and it follows the only basis upon which the third-party demand can be sustained is that said notary is or may be liable to appellants for all or part of the principal demand. As already recited, the principal demand asserted by plaintiff against appellants is for a judgment declaring that no servitude of community driveway exists on Lot 6, for an injunction against appellants, for the right to erect a fence on the boundary line, or alternatively, that the sale whereby plaintiff acquired Lot 6 be annulled and that his vendors (who are made alternative defendants) be condemned to return the purchase price to him.
The alleged indebtedness of the notary public to the appellants did not arise out of nor does it have causal connection with the main demand. The third-party demand is grounded on the theory that since the notary public who passed an act for a former common owner of both lots wherein a community driveway between the lots was created inadvertently and negligently failed to place the act of record, the notary public is liable to appellants for damages.
If there be any indebtedness on the part of the notary public to appellants, the latter cannot engraft their demand therefor onto the instant law suit. By no stretch of the imagination could it be said that the notary public is liable to the appellants “for all or part of the principal demand”, and unless there was such liability, i. e. “for all or part of the principal demand”, there is no room herein for the asserted third-party demand. The principal demand involves a real action, a prayer for injunctive relief, a possible boundary dispute, and alternatively the rescission of a sale, while, on the other hand, the third-party demand entails *681 a claim sounding in tort. The principal demand and the claim against the third party are wholly unrelated.
In Ensminger v. Great Atlantic and Pacific Tea Co., La.App., 134 So.2d 686, our brothers of the Second Circuit said:
“The purpose of the third party action is to allow a defendant in civil actions to implead one who will he secondarily liable to him if plaintiff’s suit against him is successful. It is intended to avoid a multiplicity of actions. Plummer v. Motors Insurance Corporation, 1957, 233 La. 340, 96 So.2d 605. In Bourree v. A. K. Roy, Inc., 1957, 232 La. 149, 94 So.2d 13, 15, it was held that a third party action could not be maintained where the alleged indebtedness of the third party to the defendant did not arise out of or have any causal connection with the principal demand. * * * ”
In Bourree v. A. K. Roy, Inc., cited in the Ensminger case, the Supreme Court, after observing that the third-party action, which is patterned on federal third-party practice, accomplishes a salutary function, said:
“ * * * However, it is manifest that it would lead to undesirable results to permit the statute to be extended to any case in which the indebtedness of the third party to the defendant did not arise out of or have causal connection with the main demand. This case presents a classic example of an attempt to make an improper use of the statute and we think that the Levee Board’s exception of no right of action should have been sustained.”
The third-party demand in the instant case is just as lacking in causal connection with the principal demand as was the third-party demand in the Bourree case. There a purchaser brought suit for a rescission of a sale of realty and return of the purchase price. The property had previously been appropriated for levee use. The defendant-vendor filed a third-party action against the Commissioners of the Levee District to recover the assessed value of the appropriated realty.
Counsel for appellants argues that the Bourree v. A. K. Roy, Inc., case has no application because the third-party demand therein was brought under the then prevailing first paragraph of R.S. 13:3381, which has since been superseded by the first paragraph of C.C.P. art. 1111, under which the instant third-party demand was brought. In other words, counsel is contending that there was a difference in the statutory provisions. The argument is without force; there is no difference between the two statutes, the wording and import of each being identical.
We believe the trial judge should have sustained the exception of no right of action as was done by the Supreme Court in Bourree v. A. K. Roy, Inc., supra. However, the rulings on all exceptions may be considered on appeal without reference as to whether the party, desiring a review of the ruling on the exception, has himself appealed or has filed an answer to the appeal of the opposite party. Succession of Markham, 180 La. 211, 156 So. 225; Schwandt v. Nunez, La.App., 71 So.2d 583.
For the above reasons the judgment, insofar as it overrules the exception of no right of action, is reversed, and the judgment is amended so as to provide that said exception is sustained, and, as thus amended and in all other respects, the judgment appealed from is affirmed. Costs of appeal are to be borne by appellants.
Reversed in part, amended and affirmed.