HALL, Judge.
The Equitable Life Assurance Society of the United States filed suit against Richard L. Boudreaux and his wife, Betty Allen Boudreaux, endeavoring to recover past due rent and seeking the recision of a lease of commercial property located at Municipal No. 3558 South Carrollton Avenue in the City of New Orleans.
The defendants answered and also filed a third party demand against Borg-Warner Corporation alleging that its Norge Division is indebted to them in the sums of $6,021.50 and $47,919.00 because of redhibi-tory vices in equipment sold by it to them which resulted in their not realizing expected profits and in their incurring expense in repairing the machinery.
Borg-Warner Corporation filed the peremptory exceptions of no cause and no right of action asserting that the defendants had failed to disclose an action which was incidental to or in any way related to or connected with the principal demand.
Following a hearing the Judge of Division “F” of the Twenty-Fourth Judicial District Court for the Parish of Jefferson rendered a judgment overruling the exceptions “for the reasons orally assigned, including the presentation of the lease which clearly indicated that third party defendant Borg-Warner’s representations were consideration for the lease.”
On the application of Borg-Warner Corporation we issued an alternative writ of mandamus directed to the Trial Judge ordering him to recall and rescind that part of his judgment overruling Borg-Warner Corporation’s exceptions of no cause and no right of action and to render a judg *76 ment maintaining the exceptions and dismissing the third party demand against Relator; and in the event he did not comply with such order that a writ of certiorari issue commanding him to transmit the record or a certified copy thereof to this Court and ordering said Respondent Judge and Mr. and Mrs. Richard L. Boudreaux to show cause on a fixed day and hour why the relief prayed for by Relator should not be granted.
The matter came on for hearing before us on the rule to show cause and was argued and submitted.
We have carefully examined the record and find no allegation in the third party petition which indicates any connexity between it and the principal demand. Borg-Warner Corporation is not a party to the lease and there is nothing in the lease which indicates that Borg-Warner Corporation has any interest therein or connection therewith. Moreover, the record contains no other evidence, documentary or otherwise (nor was any offered in evidence) which shows any connection between Borg-Warner Corporation and the principal demand or the lease therein sued upon.
There being no showing that the third party demand of Mr. and Mrs. Boudreaux arises out of or is in any way connected with, related to or incidental to the principal demand, the Trial Judge should have maintained the exceptions. See LSA-C.C. P. Art. 1111; Bourree v. A. K. Roy, Inc., 232 La. 149, 94 So.2d 13.
For the foregoing reasons,
It is ordered that the alternative writ of mandamus herein issued be made peremptory and accordingly that the Honorable Floyd W. Newlin, Judge of Division “F” of the Twenty-Fourth Judicial District, or his successor in office, be and he is hereby ordered to recall and rescind forthwith that part of his judgment dated April 28, 1969 which overrules Borg-Warner Corporation’s peremptory exception of no right or cause of action, and that he be and he is hereby ordered to maintain such exceptions forthwith and to dismiss the third party demand of Mr. and Mrs. Richard L. Bou-dreaux at their cost.
Mandamus made peremptory.