CULPEPPER, Judge.
The plaintiff bank sued for the balance of approximately $29,000 due on three certain promissory notes. The notes were executed by defendant, Pillette Enterprises, Inc., payable to the bank for funds loaned to Pillette to pay for labor and materials used by Pillette to perform several subcontracts on a housing project. In order to secure these notes, Pillette assigned to the bank the proceeds of its subcontracts. The defendant, Weill Lumber Company, Inc., is the general contractor on the housing project. Weill also executed the acts of assignment, agreeing to deliver to the bank all sums due Pillette under the subcontracts. The bank alleges it advanced over $29,000 on the notes, which sums were used by Pillette to pay for labor and materials used in performing the subcontracts. The bank alleges further that neither Pillette nor Weill has paid to the bank any of these sums which are due under the terms of the notes and the assignments.
Weill answered the bank’s petition, denying the allegations thereof. Additionally, Weill filed third party demands against various parties, including National Surety Corporation, the surety on the performance bond furnished by Pillette to Weill. Weill alleges in its third party demand against National Surety that Pillette defaulted on the subcontracts, and that National Surety is liable to Weill on the performance bond. National Surety Corporation filed an exception of no cause of action to Weill’s third party demand. From a judgment of the district court sustaining this exception, Weill Lumber Company appealed.
The sole issue on appeal is whether Weill’s third party demand against National Surety Corporation states a cause of action.
In support of its third party demand, Weill Lumber Company quotes in part from LSA-C.C.P. Article 1111: “The defendant in a principal action by petition may bring in *442 any person, including a co-defendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.”
Weill and the bank cite Bourree v. A. K. Roy, Inc., 232 La. 149, 94 So.2d 13 (1957) as a leading case construing the above statute. In Bourree, the principal demand was for the rescission of a sale of immovable property. Plaintiff had bought the property from defendant, but the property had previously been appropriated by the Board of Commissioners of the Pontchartrain Levee District. The defendant-vendor filed a third party demand against the levee board, alleging that the board was liable to him for the value of the land appropriated. The court sustained the levee board’s exception of no cause of action on the basis that the third party demand “did not arise out of or have causal connection with the main demand.”
In the present case, the district judge, relying on Bourree, found the third party demand, which alleges that National Surety Corporation is liable to Weill for damages arising out of Pillette’s alleged default in the performance of its subcontracts, does not arise out of nor have causal connection with the principal demand by the bank against Pillette and Weill for sums due under the notes and the assignments.
On appeal, Weill contends the third party demand does arise out of and have causal connection with the principal demand. Weill argues in its brief: “The money which would be due the bank would arise out of the work done on the construction project. The question involved is whether or not Weill Lumber Company owes any additional funds to Pillette Enterprises and thus to the bank and further the extent of Pillette Enterprises’ liability to Weill Lumber Company for its default on the subcontract work. As the National Surety Corporation wrote the performance bond for Pil-lette Enterprises, any liability for Pillette Enterprises in this respect would be the obligation of its surety. Therefore, it can be seen that National Surety Corporation is intimately involved in the principal demand in this action. If any liability is assessed against Pillette Enterprises for its default, then National Surety Corporation may well find itself in the position of being liable for the damages incurred by Weill Lumber Company as a result of this default. There is also the question as to whether any of these funds, if any should be recovered by Weill Lumber Company, would then be due to First National Bank under the allegations of the principal lawsuit.”
In answer to these arguments, National Surety Corporation argues that Weill is apparently attempting to litigate in this lawsuit not only Weill’s liability to the bank under the notes and assignments for the work already completed by Pillette, but also National Surety’s liability for damages for work not completed by Pillette. Of course, Weill is not liable to the bank under the notes and assignments, for any work which was not completed by Pillette. Therefore, National Surety argues, any damages sustained by Weill resulting from Pillette’s default on its subcontract, is not a part of the principal demand. As to this portion of the argument, we think National Surety’s contention is clearly correct.
As to Weill Lumber Company’s contention that “if any liability is assessed against Pillette Enterprises for its default, then National Surety Corporation may well find itself in the position of being liable for the damages incurred by Weill Lumber Company as a result of this default.”, National Surety points out this statement overlooks the fact that the bank’s principal demand against Pillette and Weill is not for damages caused by Pillette’s default on its subcontract with Weill. The bank sued Pillette and Weill only on the promissory notes and assignments of proceeds of the subcontracts. Therefore,- the issue of damages suffered by Weill from Pillette’s default on the subcontracts is not an issue in the principal demand and has no .causal connection therewith.
In its brief, National Surety correctly summarizes this appeal:
“National Surety Corporation has absolutely no interest in the outcome of the *443 principal demand of this lawsuit because whether Weill Lumber Company is successful or unsuccessful in defending the principal demand, National Surety cannot be held in judgment. If the Bank proves the allegations of its petition, it will have established that Pillette completed its contract on the project to the extent sued upon in the principal demand. Under the circumstances, National Surety can have no liability to Weill because National Surety’s obligation under the bond arose only in the event that Pillette did not perform the contract. Therefore, if the Bank proves that the work was completed to the extent alleged, then certainly National Surety cannot be held for contracts that have been completed. If the Bank fails to prove the allegations of its petition, i. e., if Weill is successful in its defense (even by a showing that Pillette defaulted on its contract), then National Surety cannot be held in judgment to Weill because third party plaintiff (Weill) can only recover against a third party defendant (National Surety) if the principal plaintiff (the Bank) is successful in obtaining a judgment against the third party plaintiff (Weill).”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.