BOUTALL, Judge.
This appeal arises from a judgment sustaining third party defendant’s exception of improper cumulation of actions. We reverse for the reasons which follow.
Appellant is Larry Mooty, the defendant in the principal demand. He has been sued by BNO Leasing Corporation for default under two lease agreements. Defendant-appellant Mooty made a third party demand against Byrne, Rice & Turner and Air Marine Radio, the two firms which were the suppliers of the allegedly defective leased equipment. Prior to trial Byrne, Rice & Turner filed an exception of no cause or right of action, which was treated by the trial court as an exception of improper ■cumulation of actions, and was granted. Mooty appeals the sustaining of the exception. We will treat this appeal as if all three of the aforementioned exceptions are before this court.
Larry Mooty is a commercial shrimper. He approached the BNO Bank about ex7 tending him credit for the purchase of a new radio, and icemaker for his shrimping vessel. BNO financed by buying the equipment itself and leasing it to Mooty. The two items were leased under two separate leases which obligated Mooty for some $15,-000.00 of payments in total. Mooty alleges in his answer that the icemaker, represented by Byrne, Rice & Turner as capable of making 2,000 lbs. of ice a day, failed to make even 1,000. Additionally he alleges that the radio had parts that had been discontinued, and thus it could not be repaired. Apparently Mooty eventually became disgusted and stopped making payments to BNO. He also returned the equipment to the bank. In response BNO accelerated the leases and sued for the total amount due. Mooty answered the suit and third parties Byrne, Rice & Turner. At trial of the exceptions Byrne, Rice & Turner successfully contended that it had been improperly joined in the principal suit since its liability in redhibition is in no way relat *633 ed to Mooty’s liability for default under the leases.
We hold that under these facts, ap-pellee Byrne, Rice & Turner, as the supplier of the equipment, is a proper third party defendant in a suit by the lessor against the lessee.
In the two leases, in fine print, appears the following provision:
4. Claims Against Supplier: If the equipment is not properly installed, does not operate as represented or warranted by supplier or manufacturer or is unsatisfactory for any reason, Lessee shall make any claim on account thereof solely against supplier or manufacturer and shall nevertheless pay Lessor all rent payable under this lease, Lessor will include as a condition of its purchase order that supplier agree that all warranties, agreements and representations, if any, which may be made by supplier to lessor or lessor may be enforced by Lessee in its own name. Lessor hereby agrees to assign to Lessee, solely for the purpose of making and prosecuting any said claim, all of the rights which Lessor has against supplier for breach of warranty or other representation respecting the equipment.
We think that it is abundantly clear from the language of the lease itself that the third party demand is related to the contractual relationship between lessor and lessee.
The instruments which create the liability of appellant Mooty to BNO Leasing Corporation at the same time create by assignment Mooty’s right to go against the supplier in warranty. No one could argue that BNO, as the purchaser of the equipment, would not have a right of action in redhibition against the supplier in any litigation that ensued over the fitness of such equipment. By assignment, Mooty has stepped into BNO’s shoes.
The lease instruments, which divest Mooty of defenses to nonpayment, substitute in place of those defenses the right to proceed against the supplier in warranty. Such a right is worth less when the lessee is forced to go to the time and expense of bringing a separate suit to enforce his warranties, while all the time still paying for equipment which is useless to him. Our Code of Civil Procedure recognizes the value to a litigant and promotes judicial economy by permitting such third party proceedings. C.C.P. art. 1031. Additionally, we point out that the Code provides. for separate trials of principal and incidental actions if appropriate. C.C.P. art. 1038.
Under Louisiana law the supplier is necessarily answerable to claims concerning the fitness and merchantability of its merchandise. We think that fairness and judicial economy will be best served by allowing appellant’s third party demand to be heard with the principal demand. The defense in the principal demand is identical to the basis of the third party demand, i.e., failure of the equipment, and the rights which defendant-appellant seeks to enforce in the third party demand arise directly from the transaction which created his liability in the principal cause of action. This is unlike the situation in Equitable Life Assurance Society v. Boudreaux, 225 So.2d 75 (La.App. 4th Cir.1969) relied on by appellee. For a decision which is in accord with the result we reach, see Bancshares Leasing Corp. v. Cabral, 399 So.2d 220 (La.App. 4th Cir.1981).
For the foregoing reasons the judgment appealed from is reversed and the exceptions of no cause or right of action and improper cumulation of actions are overruled.
REVERSED.