MARVIN, Judge.
After being sued for car rental charges ($603) and the cost of repairing the rental car ($1,000) that was damaged while in her custody, defendant Moore, who leased the rental car from plaintiff Mid-South, brought third party demands against Crawford that were founded on an October 1986 vehicular collision while Moore was driving her personal car, and against Marshall that were founded on a December 1985 vehicular collision while Moore was driving the rental car.
The trial court sustained the dilatory exception of improper cumulation of actions filed by Crawford and his automobile liability insurer and dismissed Moore’s demands against them. CCP Arts. 463, 926. Moore appeals.
We reverse and remand.
FACTS ALLEGED
The vehicles of Moore and Crawford collided in October 1985, allegedly because of Crawford’s negligence that disabled Moore’s personal car and caused personal injury to Moore. Moore contractually leased the rental car in November after the October collision.
In December 1985 the rental car driven by Moore and a vehicle being driven by Marshall collided, allegedly because of Marshall’s negligence that caused damage to the rental car and personal injury to Moore.
After being served with Moore’s third party demand alleging the above facts, Crawford filed the dilatory exception of improper cumulation of actions on the same day he answered the third party demand. We cannot determine from this record whether the exception was filed with or after the answer. We shall assume ar-guendo, without finding, that the exception *1226 was not waived by being filed with or after the answer and shall reach the merits of the exception. CCP Arts. 926, 928.
The basis for Crawford’s exception is that the October and December vehicular accidents were totally unrelated and that there is “no community of interest” between “plaintiffs suit [the main demand] and Ms. Moore’s personal injury claims [arising out of the two accidents] ... [and no] solidary liability among the third party defendants.” Crawford concedes that Moore may seek indemnification in her third party demand for any amounts that she might owe Mid-South, but argues the impropriety of including two separate and totally unrelated causes of action for personal injury in one third party demand.
CCP ART. 463 VS. CCP ART. 1111
If Crawford’s complaint is the lack of Art. 463 “community of interest” between the main demand of Mid-South and the third party demand of Moore, his complaint is not well-founded. CCP Art. 463 speaks of community of interest between the parties joined. A third party action under Art. 1111 speaks of connexity with the principal action. A third party plaintiff may bring any demand arising out of or connected with the principal demand against any person who may be liable to him for all or part of the principal demand. CCP Art. 1111.
If Crawford’s complaint is lack of connexity between the third party demand and the principal demand, (Art. 1111), the exception is not improper cumulation of actions or improper joinder of parties (Arts. 463, 926), but is the exception of no right of action of the particular third party plaintiff. CCP Art. 927; Bourree v. A.K. Roy, Inc., 232 La. 149, 94 So.2d 13 (1957); Equitable Life Assurance Soc. of U.S. v. Boudreaux, 225 So.2d 75 (La.App. 4th Cir. 1969). See also State v. Reliance Ins. Co., 487 So.2d 160 (La.App. 4th Cir.1986), writ denied; Mundy v. Gentilly Oaks, 228 La. 509, 82 So.2d 849 (1955); Note, Civil Procedure—Third-Party Practice—Relationship Between Main and Incidental Demands, 49 Tul.L.R. 1139 (1975).
The secondary or derivative nature of the third party demand and the required con-nexity between the principal and third party demands has been summarized:
This secondary or derivative nature is not a matter of interrelatedness among the facts that underlie the respective claims, nor of the automatic imposition of liability upon the third party defendant by the rendition of judgment on the principal claim against the defendant; rather, it is a matter of the satisfaction, by the judgment against the defendant on the principal claim, of a condition upon the defendant’s recovery from the third party defendant of the relief prayed for in the third party demand.
49 Tul.L.R. at 1141. Emphasis supplied.
If Crawford’s complaint is that he is joined with Marshall in the third party demand, the exception is improper joinder of parties under CCP Arts. 926, 463, 464. Such joinder requires the “community of interest between the parties joined.” Art. 463(1). As Crawford recognizes, there may be a community of interest between Crawford, who is sued by Moore for damages which include the cost of renting the car, and Marshall, who is sued by Moore for damages which include the damage he allegedly did to the car. Mid-South’s principal demand is for rental cost and for the damage to the rental car. Crawford concedes, as we have stated, that to the extent of Moore’s damages that are “connected” with the rental car, the joinder of the third party defendants would have been proper.
Crawford’s complaint that the cu-mulation [or joinder?] becomes improper when Moore asserts two causes of action for personal injury demands from separate accidents, overlooks cases which hold that a third party plaintiff may demand relief over and above what is sought in the principal demand. Travelers Ins. Co. v. Sonnier, 344 So.2d 73 (La.App. 4th Cir.1977). See also Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62 (3rd Cir.1971), applying this principle to a third party demand under Rule 14, FRCP.
*1227 We are thus faced with Crawford’s concession that Moore, as a third party plaintiff, may join Crawford and Marshall in a third party demand for damages that arise out of the car being rented from the principal plaintiff. Either or both Crawford and Marshall may be liable to Moore for a part of Mid-South’s principal demand. Art. 1111. We see no reason why the third party defendants may not be joined, as well, by Moore in her demand for personal injury damages arising out of the same allegedly negligent conduct respectively committed, even though at separate times, by each third party defendant. Sonnier, supra; Schwab, supra.
Because the third party plaintiff seeks personal injury damages from each accident which occurred within a few weeks, it is logical that the trial court may have to determine which accident caused what result to plaintiff. Judicial efficiency will be served by allowing the joinder of these third parties defendant to facilitate the comparative effect of each accident on the plaintiff if liability is found in either accident.
We need not consider in the abstract the apparent limitations of Art. 463, if any, on the right of action afforded by Art. 1111. Here we hold that under the circumstances described, Art. 463 does not mandate the sustaining of the exception of improper cu-mulation of actions or of improper joinder of parties. We hold the cumulation and joinder is proper in Moore’s third party demand.
DECREE
Accordingly, the judgment of the trial court is reversed, the exception is overruled, and the case is remanded. Costs of this appeal are assessed against appellees.
REVERSED AND REMANDED.