PRESTON H. HUFFT, Judge Pro Tem.
Mrs. Ruby Kennedy Adams, plaintiff, seeks recovery of a principal amount of $24,000.00, alleged to be her separate funds that she had placed on deposit with First Financial Bank (sometimes referred to hereinafter as “First Financial”), previously evidenced by two certificates of deposit, each having a face amount of $12,-000.00, bearing the names of both Mr. Arthur R. Adams and plaintiff, styled as Mrs. Arthur R. Adams. Plaintiff has alleged that First Financial negotiated the certificates of deposit pursuant to her unauthorized endorsement and endorsement by her then separated and now late husband. Plaintiff has further alleged that First Financial issued a check for $12,000.00 plus interest payable to the order of both Mr. Arthur R. Adams and Mrs. Arthur R. Adams in payment of one of said certificates of deposit, and that said check bears her unauthorized endorsement and endorsement by her then separated and now late husband. The record reflects that Louisiana General Services (sometimes referred to hereinafter as “LGS”) accepted said check in payment for certain debt securities, recorded in the names of Mr. and Mrs. Arthur R. Adams, and endorsed and deposited same for collection, and that First Financial transferred funds to LGS’s bank account pursuant to said collection. The record indicates that the debt securities were negotiated and that Mrs. Adams claims not to have received the proceeds.
First Financial Bank brought an incidental action in the form of a third party demand against LGS, pursuant to the original petition, for recovery of the proceeds of the check that LGS endorsed and deposited. LGS filed dilatory exceptions of improper cumulation of actions and improper joinder of parties. The trial court dismissed the exception because of counsel’s failure to appear but then granted a new trial on the exception with consent of First Financial because counsel for LGS had not received notice of the hearing. Meanwhile, plaintiff amended her petition to name LGS as a defendant and filed same on November 13, 1987. First Financial filed an amended “third party demand” against LGS on December 9, 1987. The trial court heard oral argument on these exceptions on January 8, 1988, and entered a judgment maintaining these exceptions on January 12, 1988, from which decision First Financial has appealed.
*288 The issue before this court is whether the record supports an incidental demand by First Financial against LGS pursuant to La.C.C.P. Art. 1111.
In determining whether the incidental demand by First Financial against LGS properly lies within the provisions of La.C.C.P. Art. 1111, we look to the demands made and the facts alleged by plaintiff in the original and amended petitions in general and specifically with respect to LGS.
Numbered paragraph 1 of the amended petition states as follows:
“The defendant First Financial Bank, formerly First Homestead and Savings Association, is a federally chartered banking institution and is engaged in and operating general banking services, with its principal place of business in the Parish of Orleans, State of Louisiana. The defendant, First Financial Bank, FSB, is justly and truly indebted unto the plaintiff in the sum of TWELVE THOUSAND ($12,000.00) DOLLARS, plus interest as stated in a certificate of deposit herein after described. The defendant, Louisiana General Services, Inc., is a corporation with its principal office in the Parish of Jefferson, State of Louisiana. These defendants, First Financial Bank, FSB and Louisiana General Services, Inc., are justly and truly indebted unto the plaintiff, jointly, severally and in solido, in the full and true sum of TWELVE THOUSAND AND NO/100 ($12,000.00) plus interest as stated in another certificate of deposit hereinafter described, for this, to-wit:”
Numbered paragraph 10 of the amended petition states as follows:
“Petitioner avers on information and belief that the late Mr. Arthur R. Adams, presented two certificates of deposit for payment without the endorsement of the plaintiff, a joint owner of the certificate. On further information and belief, First Financial Bank issued its check on July 20, 1977, in an alleged payment of one of the certificates of deposit in the amount of TWELVE THOUSAND NO/100 ($12,-000.00) DOLLARS, which was paid to the order of Mr. and Mrs. Arthur R. Adams which was endorsed payable to the order of Louisiana General Services, Inc., and ultimately deposited ‘For Deposit Louisiana General Services, Inc.’ As Louisiana General Services, Inc., by its endorsement guaranteed the prior endorsements of Arthur R. Adams and additionally, the endorsement of ‘Mrs. Arthur R. Adams’ which is alleged not to be the true signature of the plaintiff, then therefore, Louisiana General Services, Inc., is also liable to the plaintiff for the improper endorsement on the check of First Financial Bank, then known as First Homestead and Savings Association.”
Plaintiff’s original and amended petitions, considered as a whole, state a claim for recovery of certain funds that she placed on deposit with First Financial which were first evidenced by two certificates of deposit, some of which were later evidenced by the check First Financial issued and LGS endorsed and deposited for collection. The record before us reflects that plaintiff’s demand against LGS remains viable. In considering the totality of these circumstances, we believe that under La.C.C.P. Art. 1111 the incidental demand made by First Financial against LGS applies to a part of the principal demand, the recovery of $12,000.00 (plus interest) out of $24,000.00 (plus interest), and that LGS is or may be liable to First Financial for all or part of said principal demand. Accordingly, First Financial should be allowed to maintain a third party action against LGS. In reaching this result, we believe “fairness and judicial economy will be best served by allowing appellant’s third party demand to be heard with the principal demand.” BNO Leasing Corps. v. Mooty, 427 So.2d 631 (La.App. 5th 1983), reversed on other grounds, 433 So.2d 178 (La.1983).
For the foregoing reasons, we reverse the decision of . the trial court and remand this matter for further proceedings in accordance with our decision. Costs assessed to appellee.
REVERSED.